372 A.2d 759

**COMMONWEALTH of Pennsylvania**

v.

**Wesley EADDY, Appellant.**

Supreme Court of Pennsylvania.

Argued July 1, 1975.

Decided April 28, 1977.

410

Faust Mattioni, Jack J. Levine, Alan J. Davis, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Neil B. Kitrosser, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Wesley Eaddy, was arrested on July 29, 1972 and charged with the fatal shooting of Samuel Goggins. Pretrial motions were denied, appellant was tried before a judge and a jury, found guilty of murder in the first degree, and sentenced to life imprisonment. Post-verdict motions were denied, and this appeal followed.

Appellant raises several issues on this appeal in support of his contention that a new trial should be granted. We conclude that certain statements elicited from appellant by the police subsequent to his arrest, were taken in violation of Pa.Rules of Criminal Procedure, Rule 130, and *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), and therefore, should have been suppressed prior to trial. We, therefore, need not now address the other issues raised.

The facts surrounding the question at issue are as follows: Appellant was arrested at approximately 7:00 p. m., on July 19, 1972, in connection with the "gang shooting" of Samuel Goggins. Appellant arrived at the 20th and Pennsylvania Avenue Police Precinct Building at approximately 7:20 p. m. Upon learning that the victim had died as a result of the shooting, police transported the appellant to the Homicide Division at the Police Administration Building, where they arrived at approximately 8:40 p. m. During this time appellant was not questioned by the police. At 9:00 p. m. appellant was told that he was being questioned about the homicide of Samuel Goggins, and was read *Miranda* warnings from a standard police interrogation card. Appellant was then interrogated from 9:25 p. m. until 10:30 p. m., during which time he denied any knowledge of or participation in the homicide. Appellant was then left alone from 10:30 p. m. until 12:05 a. m., July 20, 1972, at which time

he was taken to the polygraph room. A polygraph examination was conducted, during which appellant was interrogated from 12:05 a. m. until 3:05 a. m., July 20, 1972. At 3:05 a. m. appellant orally admitted his involvement in the homicide.

Appellant's oral admission came in response to information supplied by police to him that he had "failed" the polygraph examination. Questioning continued until 3:30 a. m. when appellant was fed and taken to the men's room. From 4:05 a. m. until 4:50 a. m., appellant was left alone. From 4:50 a. m. until 5:00 a. m. a "verification polygraph examination" was given. Appellant was again left alone from 5:00 a. m. until 7:00 a. m. At 7:00 a. m. *Miranda* warnings were repeated, after which a formal written statement was typed, read, and signed by appellant. The taking of the formal statement concluded at 8:15 a. m., July 20, 1972. Appellant was arraigned at approximately 3:00 p. m., July 20, 1972.

We have repeatedly held that "pre-arraignment delay [is] unnecessary unless required to administratively process an accused." *See Commonwealth v. Williams,* 455 Pa. 569, 573, 319 A.2d 419, 421 (1974) and cases cited therein. Furthermore,

> "Rule 118 of the Pennsylvania Rules of Criminal Procedure [now Rule 130], and our decision in *Futch, supra,* are specifically designed to put a stop to the practice of arresting an individual and holding him during a lengthy period while continuing the investigation before arraigning him." *Commonwealth v. Cherry,* 457 Pa. 201, 205, 321 A.2d 611, 613 (1974); *Commonwealth v. Hancock,* 455 Pa. 583, 317 A.2d 588 (1974).

■■ The delay between appellant's arrest at 7:00 p. m. and his first statement was in excess of eight hours. Rule 130, and *Commonwealth v. Futch, supra,* require that an accused be brought before a magistrate for arraignment without unnecessary delay. See also *Gerstein*

*v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The purpose of requiring that an accused be brought before a magistrate is to assure an independent review of the facts alleged to provide probable cause for arrest. An accused is entitled to such a review, and in this case, was not afforded that right until twenty hours after his arrest. During that period of time police conducted an ongoing investigation into the shooting in order to substantiate their version of appellant's involvement in the homicide.

■ The prosecution argues that the police had an obligation either to substantiate the information received or to exculpate appellant before deciding whether to arraign or release him. Even if we assume that the police conduct in this case was not designed to produce inculpatory statements but rather aimed at the possible exculpation of the accused, we cannot accept the argument that the arraignment of an accused can be unreasonably delayed for that purpose. Under the prosecution's argument, arraignment could be delayed indefinitely while an investigation continues to prove the accused innocent. Unless the accused's innocence can be quickly established, that person, is entitled to be taken to a magistrate for arraignment following necessary administrative processing. *See Commonwealth v. Whitson,* 461 Pa. 101, 334 A.2d 653 (1975). The accused can thereafter always be released from custody if later police investigation establishes the wrong person has been jailed.

In the present case, there was a delay of over twenty hours between arrest and arraignment; a delay of over eight hours between arrest and the first inculpatory statement; and a period of over six hours from the time the interrogation process began until the first inculpatory statement was obtained. Since no justification has been established for the delay, we must conclude that it was unnecessary. *Commonwealth v. Futch, supra. See also Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611

(1964). The statements made at 3:05 a. m., were a direct result of that unnecessary delay, and were therefore, inadmissible at trial. It follows that the formal written statement taken at approximately 7:00 a. m., in which statement appellant substantially repeated the oral admissions made at 3:05 a. m., is also inadmissible.

Because the statements at issue here were obtained by police prior to our announcement in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), of a supervisory rule prohibiting the use at trial of any statement made more than six hours after arrest, that case is not controlling here. As was stated in *Davenport*, however, ". . . [i]n no case have we held that a delay of six hours or more was not an 'unnecessary delay.'" *Id.* at ——, 370 A.2d at 306, n. 7.

Judgment of sentence is reversed and appellant is granted a new trial consistent with this opinion.

JONES, former C. J., took no part in the decision of this case.

EAGEN, C. J., dissents.