379 A.2d 96

COMMONWEALTH of Pennsylvania

v.

Charles SMITH, a/k/a Cornell Slocum, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 17, 1977.

Decided Oct. 7, 1977.

Rehearing Denied Nov. 10, 1977.

560

Hugh C. Clark, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaile Barthold, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

On October 31, 1973, Earl Dennis was shot and killed. Appellant, Charles Smith, also known as Cornell Slocum, was later arrested, and two bills of indictment were issued against him. One indictment charged appellant with murder,[1] voluntary manslaughter,[2] and involuntary manslaughter.[3] The second indictment charged appellant with posses-

1. 18 Pa.C.S.A. § 2502 (1973).

2. Id. § 2503.

3. Id. § 2504.

sion of an instrument of crime,[4] possession of a concealed weapon,[5] and possession of an offensive weapon.[6] After a jury trial, appellant was found guilty of voluntary manslaughter, possession of an instrument of crime, and possession of an offensive weapon. Post-verdict motions were denied, and concurrent sentences of five to ten years imprisonment on the manslaughter conviction, and two and one-half to five years imprisonment for each of the weapons offenses, were imposed. This appeal followed.[7]

■■■ Appellant contends that the trial court erred in refusing appellant's request for a jury instruction on involuntary manslaughter, and in directing a verdict of not guilty on the involuntary manslaughter count.[8] We agree. In every prosecution for criminal homicide brought pursuant to the Crimes Code,[9] a defendant is entitled, upon request, to a jury instruction on involuntary manslaughter. *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977) (plurality opinion). Accordingly, judgment of sentence on the con-

4. Id. § 907(a).

5. Id. § 907(b).

6. Id. § 908.

7. This Court has jurisdiction over the appeal from the voluntary manslaughter conviction pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977). The weapons offense convictions were appealed to the Superior Court which certified the appeal to this Court.

8. The Commonwealth argues that petitioner has waived this claim for failure to raise it in written post-trial motions. We do not agree. Written post-verdict motions, submitted two weeks after this Court's decision in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), included both a general exception to the court's instructions to the jury, and a statement reserving the right to file additional reasons for a new trial when the testimony was transcribed. Before argument on the post-verdict motions, appellant submitted a brief which specifically raised the issues argued in this appeal, and the trial court's opinion addressed these issues. While we do not approve the practice followed by appellant, we cannot find a waiver in these circumstances. *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977).

9. 18 Pa.C.S.A. §§ 101 et seq.

viction of voluntary manslaughter must be reversed, and a new trial granted.

■ The trial court's denial of appellant's requested instruction on involuntary manslaughter does not require reversal of the weapons offense convictions.[10] Appellant raises three other claims in support of reversal, that: (1) the trial court erred in refusing to suppress identification evidence; (2) the prosecutor improperly cross-examined a defense witness; and (3) the prosecutor improperly cross-examined appellant. We have reviewed these claims and find them to be without merit. The convictions for the weapons offenses are affirmed.

Judgment of sentence in No. 91 reversed and a new trial granted; judgments of sentence in No. 295 affirmed.

JONES, former C. J., did not participate in the decision of this case.

POMEROY, J., did not participate in the consideration or decision of this case.

EAGEN, C. J., dissents from the order reversing judgment of sentence at No. 91.

NIX, J., filed a concurring and dissenting opinion.

NIX, Justice, concurring and dissenting.

To my knowledge this is the first instance in the history of American jurisprudence where the concept of protecting the rights of an accused has been so distorted as to result in the award of a new trial because *a directed verdict of not guilty of one of the charges was entered.* If the fallacy of their logic is not readily apparent from the absurdity of the result reached in this case, any further attempt to persuade the

10. For this reason we need not address appellant's claim that the trial court erred in denying his requested instruction on self-defense. The instruction requested by appellant related only to the murder and voluntary manslaughter charges; failure to give the requested instruction does not affect the weapons offense convictions. *Commonwealth v. Palmer,* 467 Pa. 476, 482 n. 5, 359 A.2d 375, 378 n. 5 (1976).

majority to reconsider its position would obviously be an exercise in futility. See generally my dissent in *Commonwealth v. Garcia,* 474 Pa. 449, 378 A.2d 1199.

I would affirm the judgment of sentence for both the weapons offense convictions and the voluntary manslaughter conviction.

Today's result grants an appellant a new trial because the trial judge directed the jury to find the accused *not guilty* of the crime of involuntary manslaughter. I can think of no better illustration of the absurd results that we may continue to expect if the majority persists in the present course as to when a charge for involuntary manslaughter is required. See generally *Commonwealth v. Garcia,* 474 Pa. 449, 378 A.2d 1199 (1977) (Dissenting Opinion, Nix, J.).