385 A.2d 1331

**COMMONWEALTH of Pennsylvania**

v.

**Juan MARRERO, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Nov. 17, 1977.

Decided April 28, 1978.

98

Burton A. Rose, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellant, one Juan Marrero, was arrested and charged with murder and criminal conspiracy. These offenses arose out of an incident wherein Margaret Handerahan was raped and Kevin Wolf was killed in the vicinity of the Art Museum in the City of Philadelphia during the early morning hours of June 27, 1973. After trial by jury, appellant was found guilty of murder of the first degree and criminal conspiracy. Subsequently, post-verdict motions were denied and a sentence of life imprisonment was imposed under the murder indictment. A consecutive prison sentence of five to ten years was given for the criminal conspiracy conviction. This direct appeal followed.[1]

The threshold issue raised in this appeal is the court en banc's determination that it would only consider the claims relating to the weight and sufficiency of the evidence. The court en banc offered as authority for this ruling, the decisions of this Court in *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975); *Commonwealth v. Terry*, 462 Pa. 595, 342 A.2d 92 (1975); and *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). A brief recitation of the circumstances surrounding the disposition of the post-trial motions is necessary to place this issue into proper focus.

Within the specified time after the return of the jury's verdict, appellant had filed on his behalf a motion for a new trial and arrest of judgment. That motion recited the usual three reasons in support of post-trial relief, to wit, that the verdict was contrary to the evidence; that the verdict was contrary to the weight of the evidence; and, that the verdict was contrary to law. The motion also contained a request that leave be given to file additional and supplemental reasons after the notes of testimony had been transcribed and a copy made available to counsel for the defense. After

1. Our jurisdiction of this case is based on the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P S. 211.202(1) (Supp.1977 78). The conspiracy conviction was certified to this Court from the Superior Court.

the receipt of the transcribed record, counsel for the defense filed with the court a brief in support of post-trial relief. In this written brief the defense set forth with particularity those issues they wished to advance. At the time of oral argument counsel proceeded to address those issues raised in the brief but was prevented from doing so by the court en banc. Counsel thereupon asked leave to amend the motion initially filed by including therein the various claims contained in the brief. Said request was denied. It is also significant that the written brief had been served on the District Attorney and filed with the court approximately one month prior to the date of the oral argument. In support of its position, the court en banc concluded that the aforementioned decisions supported the proposition that the court should only consider those questions actually assigned in the written motions.

We recently stated in *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978):

"In *Blair*, this Court announced that it expected strict compliance with that provision of Pennsylvania Rule of Criminal Procedure 1123(a) which required that 'only those issues raised and the grounds relied upon in the [post-verdict] motions may be argued.' To enforce this mandate, we directed that trial courts and appellate courts decline to consider claims that were not specifically set forth in the written post-trial motions."[2]

However, there has been a line of cases where this Court has refused to apply the *Blair* mandate where the claims have been presented in written briefs during the post-verdict proceeding. *See, Commonwealth v. Pugh*, 476 Pa. 445, 383

**2.** *See also, Commonwealth v. May*, 466 Pa. 524, 526, n.3, 353 A.2d 815, 816, n.3 (1976); *Commonwealth v. Coley*, 466 Pa. 53, 66, n.8, 351 A.2d 617, 623, n.8 (1976); *Commonwealth v. Fortune*, 464 Pa. 367, 370–71, 346 A.2d 783, 785 (1975); *Commonwealth v. Spriggs*, 463 Pa. 375, 381–82, 344 A.2d 880, 883 (1975); *Commonwealth v. Terry*, 462 Pa. 595, 602, n.3, 342 A.2d 92, 96, n.3 (1975); *Commonwealth v. Hilton*, 461 Pa. 93, 95, n.1, 334 A.2d 648, 649, n.1 (1975); and *Commonwealth v. Irwin*, 460 Pa. 296, 299, n.3, 333 A.2d 735, 737, n.3 (1975).

A.2d 183 (1978); *Commonwealth v. Perillo,* 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (1977).[3] The only distinction between the instant case and the factual situations presented in *Pugh, Perillo* and *Grace* is that in those instances the court en banc did in fact entertain and decide the claims presented in the written memorandums. Accepting the validity of those cases, it is doubtful that this distinction should be controlling.

However we need not predicate our holding today on a determination as to whether or not the *Grace* rationale is here applicable. As the appellant properly noted, Rule 1123(c)(3) requires that following the verdict of the jury the trial judge has the obligation to advise the defendant on the record that only the grounds contained in the written post-trial motions may be raised on appeal.[4] Appellant argues that the failure of the trial court to comply with Rule 1123(c)(3) should in itself preclude a finding by the court en banc that counsel's failure to properly prepare post-trial motions constitutes a waiver of issues. We find this argument to be persuasive. Since the record fails to reflect the admonition required by Rule 1123(c)(3) upon the receipt of the verdict, we hold that appellant's failure to file adequate post-trial motions will not be deemed a knowing and intelligent waiver of his right of appeal. *Commonwealth v. Cathey,* 477 Pa. 446, 384 A.2d 589 (1978). We therefore must conclude that the court en banc was in error in refusing to consider the merits of those claims that were presented to it contained in the post-trial briefs.

3. This writer has expressed disagreement with these cases. *See, Commonwealth v. Pugh,* 476 Pa. 445, 383 A.2d 183 (1978) (Nix, J., dissenting opinion).

4. Rule 1123(c) provides:
    (c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) *that only the grounds contained in such motions may be raised on appeal.*

102

Accordingly, the judgments of sentence are vacated and the cause is remanded for further proceedings consistent herewith.[5]

PACKEL, J., did not participate in the decision of this case.

EAGEN, C. J., concurs in the result.

POMEROY, J., dissents.

---

**5.** The only issue considered by the court en banc was the sufficiency and the weight of the evidence. We have reviewed the sufficiency of the evidence and agree with the court below that the evidence is legally sufficient to support the verdicts.