387 A.2d 1278

**COMMONWEALTH of Pennsylvania**

v.

**Larry KOZEK, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 19, 1978.

Decided June 2, 1978.

Reargument Denied July 17, 1978.

172

Alexander Hemphill, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Charles Cunningham, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

POMEROY, Justice.

Appellant Larry Kozek was convicted after a jury trial of murder in the first degree.[1]  This direct appeal[2] followed the denial of post-trial motions and the imposition of judgment of sentence.

1. 18 Pa.C.S. § 2502(a) (Supp.1977–78).

2. Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977–78).

Appellant contends that the trial court erred in permitting evidence to be introduced regarding murder in the second degree[3] and in permitting the jury to consider that offense when no felony was set forth in the indictment.[4] The trial court held that this argument was waived for want of compliance with Pa.R.Crim.P. 1123(a)[5] and our decision in *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975),[6] and appellant argues that this too was error. We will not disturb the trial court's ruling.

The circumstances relevant to this question are as follows. The verdict in this case was returned on October 29, 1975; post-trial motions, which contained standard reasons for arrest of judgment and for a new trial and which reserved leave to file supplemental reasons, were filed on November 3, 1975; and argument was had on the motions on February 27, 1976. These events occurred long after our decision in *Blair, supra,* which was filed on January 27, 1975. The transcript of oral argument on the motions discloses that appellant's counsel submitted his brief on motions just prior to argument and that the court, noting that appellant's contention concerning the indictment was not included in his post-trial motions, reminded counsel of the *Blair* requirement. Counsel replied that "if we are going to follow some new rule I'll ask for a continuance and file the reasons and we'll go from there." No continuance was requested, how-

---

**3.** 18 Pa.C.S. § 2502(b) (Supp.1977–78), commonly known as felony murder.

**4.** See *Commonwealth v. Bastone,* 466 Pa. 548, 554–55, 353 A.2d 827 (1976); Act of March 31, 1860, P.L. 427, § 201, 19 P.S. § 351 (1976).

**5.** Rule 1123(a) provides in pertinent part:
"Within seven (7) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment . . . [o]nly those issues raised and the grounds relied upon in the motions may be argued."

**6.** In *Blair,* we stated:
"The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts." 460 Pa. at 33 n.1, 331 A.2d at 214 n.1.

ever, and counsel proceeded with his argument. No supplemental motions were ever filed.

■ We have no doubt that Rule 1123(a) and our decision in *Blair* are controlling in this situation. The profession in general was made aware on June 8, 1973 by the adoption of Pa.R.Crim.P. 1123(a) and on January 27, 1975 when our *Blair* decision was announced, that reasons for a new trial were to be included in the text of post-trial motions and would not be considered otherwise. In addition, defense counsel in the case at bar was expressly reminded of that requirement by the trial court. As stated above, no supplemental motions were filed despite this admonition. The trial court acted correctly in insisting upon compliance with Rule 1123(a)[7] and *Blair*, and properly found the issue waived. See *Commonwealth v. McClain,* 478 Pa. 10, 385 A.2d 970 (1978).

■ Appellant also contends that the trial court committed reversible error in several parts of its charge to the jury. Two of these contentions, dealing with reasonable doubt and the defendant's credibility as a witness, we have reviewed and find without merit. As to the other asserted flaws in the charge,[8] the record shows that none of them was the subject of an objection made before the jury retired, as is required by Pa.R.Crim.P. 1119(b). These claims are therefore waived. *Commonwealth v. Sparrow,* 471 Pa. 490, 500 n.6, 370 A.2d 712 (1977); *Commonwealth v. Bennett,* 471 Pa. 419, 428 n.6, 370 A.2d 373 (1977); *Commonwealth v. Perry,* 468 Pa. 515, 521, 364 A.2d 312 (1976).

7. *Commonwealth v. Marrero,* 478 Pa. 97, 385 A.2d 1331 (1978) is not to the contrary. In that case, the court en banc denied a request for leave to amend the post-trial motions at argument; no such express request was made here. In addition, and again unlike this case, the post-trial brief in *Marrero* was filed with the court approximately one month before argument. In any event, the discussion in *Marrero* of the propriety of the court en banc's enforcement of *Blair* was dictum, since the case was decided on other grounds.

8. These are that the court's charge presupposed appellant's guilt, that the charge concerning flight as indicating a consciousness of guilt was prejudicial, that the charge placed a burden on the defendant to reduce murder in the third degree to voluntary manslaughter, and that the court erred in failing to charge that all murder is presumed to be murder in the third degree.

Finally, we have reviewed the record in accordance with our statutory obligation [9] and have found that the evidence was sufficient to support the jury's verdict of guilty of murder in the first degree.

Judgment of sentence affirmed.

---

9. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964).