393 A.2d 1169
COMMONWEALTH of Pennsylvania
v.
David HITSON, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued April 17, 1978.

Decided Oct. 5, 1978.

Reargument Denied Nov. 11, 1978.

Allen N. Abrams, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Nancy D. Wasser, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX, MANDERINO and LARSEN, JJ.

OPINION

LARSEN, Justice.

Appellant was convicted in a nonjury trial of voluntary
manslaughter and possession of instruments of crime. Ap-
pellant appealed the judgment of sentence on the voluntary
manslaughter conviction to this Court. The judgment of
sentence on the possession of instruments of crime convic-
tion was appealed to the Superior Court, which certified that
appeal to this Court.

Appellant argues that the suppression court erred in not
suppressing an inculpatory statement given by appellant to
police. Appellant contends that the statement, given eight
hours after he arrived at the police station, was the product
of an unnecessary delay between arrest and arraignment
and therefore, should be suppressed. Appellant claims that
the admission of this statement into evidence violated Penn-
sylvania Rule of Criminal Procedure 130 [1] and our decision in
*Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972)
wherein we held that evidence obtained during and reason-
ably related to an "unnecessary delay" between arrest and
arraignment must be excluded. [2]

Subsequent to our decision in *Futch,* we held that in
determining whether a defendant's incriminating statement
was the product of an "unnecessary delay", we must exam-
ine the time which elapsed between defendant's arrest and

1. Rule 130 states:
   "When a defendant has been arrested without a warrant in a court
   case, he shall be taken without unnecessary delay before the proper
   issuing authority where a complaint shall be filed against him and he
   shall be given immediate preliminary arraignment."

2. The "six hour rule" enunciated in *Commonwealth v. Davenport,*
   471 Pa. 278, 370 A.2d 301 (1977) is not applicable here because
   appellant was arrested prior to May 16, 1977.

his statement. *Commonwealth v. Rowe,* 459 Pa. 163, 327 A.2d 358 (1974).

In reviewing the suppression court's determination, we will consider only the evidence of the Commonwealth and the uncontradicted evidence of appellant. *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1976). The record reveals that appellant was arrested at 5:30 a. m. on August 20, 1975. He arrived at the Police Administration Building at 5:55 a. m. and at 6:00 a. m., the police warned appellant of his constitutional rights and of the charges against him. The police questioned appellant between 6:00 a. m. and 9:10 a. m. and during this interrogation, appellant made statements indicating that he did not shoot Earl Blake. To verify this and with appellant's consent, a polygraph examination was conducted from 9:10 a. m. to 1:30 p. m. At 1:30 p. m., appellant was informed that he failed the polygraph examination. Appellant was rewarned of his constitutional rights and at 1:55 p. m., appellant admitted shooting Earl Blake. Between 2:10 p. m. and 2:40 p. m., appellant gave a written statement. He was subsequently arraigned.

The period of time which we are concerned with is the eight hour period between 5:55 a. m. (the time of appellant's arrival at the Police Administration Building) and 1:55 p. m. (the time that appellant incriminated himself). *Commonwealth v. Coley,* 466 Pa. 53, 351 A.2d 617 (1976). During the eight hour delay, there was a period of four hours and twenty minutes during which the polygraph examination was administered. Since the polygraph examination was administered to verify the statements that appellant made during the first interrogation session (which indicated that he did not shoot Earl Blake), this delay was a "necessary step in the police process" and hence does not constitute unnecessary delay. *Commonwealth v. Whitson,* 461 Pa. 101, 334 A.2d 653 (1975). Excluding this four hour and twenty minute period, the length of the delay from the time that appellant arrived at the police station to the time that appellant gave his first incriminating statement was

three hours and forty minutes—this is not an "unnecessary delay" under *Futch*.[3]

Judgments of sentence affirmed.

ROBERTS, J., filed a concurring opinion in which NIX, J., joined.

POMEROY, J., filed a concurring opinion.

O'BRIEN, J., filed a dissenting opinion in which MAN-DERINO, J., joined.

ROBERTS, Justice, concurring.

The opinion of Mr. Justice Larsen rejects appellant's claim that his inculpatory statement to police was the product of unnecessary delay, but never considers whether appellant properly preserved the issue for appellate review. In *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), we cautioned persons moving for post-verdict relief that our Court would no longer excuse failure to comply with Pa.R. Crim.Proc. 1123(a) ("only those issues raised and the grounds relied upon in the motions may be argued"). I remain of the view expressed in *Commonwealth v. Roach*, 477 Pa. 379, 381, 383 A.2d 1257, 1258 (1978) (Roberts, J., concurring), that *Blair* must be given effect beginning March 1, 1975, the date of *Blair's* publication in the Atlantic Second advance sheets. "[I]t would be unfair to impose upon [a person seeking post-verdict relief] a decision of which he could not be aware." Id., 477 Pa. at 381, 383 A.2d at 1258. Appellant, however, filed boilerplate post-verdict motions on February 13, 1976, eleven months after *Blair's* publication. Because appellant's boilerplate post-verdict motions did not raise the issue of unnecessary delay, I would hold that appellant did not properly preserve this issue for appellate review.

NIX, J., joins in this concurring opinion.

---

**3.** Appellant also asserts that his waiver of his *Miranda* rights was involuntary and that his inculpatory statement should have been disregarded by the trial court in arriving at a verdict because of factual inconsistencies. These contentions are without merit. Appellant finally alleges that he was arrested without probable cause. Because this issue was not properly raised in the lower court, it has been waived.

POMEROY, Justice, concurring.

I agree with Mr. Justice Larsen's conclusion that the lower court correctly refused to suppress appellant's statement. I write separately, however, because the opinion of my brother Roberts may introduce some uncertainty in the area of the law that I had thought to be settled.

Mr. Justice Roberts would hold appellant's *Futch* claim waived for want of compliance with the requirements of Pa.R.Crim.P. 1123(a) and our decision in *Commonwealth v. Blair*, 460 Pa. 31, 33 n.1, 331 A.2d 213, 214 n.1 (1975). In my view, however, we must reach the merits of appellant's claim. As Mr. Justice O'Brien points out in part I of his dissenting opinion, we have engrafted a limited exception to the rule of *Blair*, namely that where, as here, an issue is not raised in post-trial motions or a supplement thereto, but is raised in a defendant's post-trial brief in the trial court, and that court considers the issue on the merits, an appellate court also will consider the merits of the claim. *Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v. Smith*, 474 Pa. 559, 561 n.8, 379 A.2d 96 (1977); *Commonwealth v. Perillo*, 474 Pa. 63, 65–66 & n.2, 376 A.2d 635 (1977); *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977). When, however, the trial court follows the requirements of *Blair* and refuses to consider issues raised in the post-trial briefs because not set forth in post-trial motions, its action will not be disturbed on appeal; we will hold the issue waived. *Commonwealth v. Carrillo*, 483 Pa. —— at ——, 395 A.2d 570 at 571 (1978); *Commonwealth v. Kozek*, 479 Pa. 171, 387 A.2d 1278 (1978) (disapproving dicta to the contrary in *Commonwealth v. Marrero*, 478 Pa. 97, 385 A.2d 1331 (1978)); *Commonwealth v. McClain*, 478 Pa. 10, 385 A.2d 970 (1978).*

---

* Also to be noted is our rule that an appellate court will consider waived any ground for relief which is only orally raised before the trial court in post-trial proceedings, even if the lower court reached the merits. *E. g., Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth v. Roach*, 477 Pa. 379, 383 A.2d 1257 (1978).

One may agree that it is rather incongruous for this Court to make its finding of waiver *vel non* turn on the action taken by the lower court on an issue that, strictly speaking, should be deemed waived. Nonetheless, if we were now to overrule the exception to *Blair* allowed in *Grace* and followed in *Perillo, Smith,* and *Pugh,* such action should be prospective only. I can see no reason to deny this particular appellant a consideration of the merits of his claims when other appellants, similarly situated, have been granted consideration, and sometimes relief. See *Pugh, supra; Smith, supra; Perillo, supra* (new trial granted in each case).

In light of the exception to the *Blair* rule which our decisions, wisely or not, have carved out and which appear to reflect the views of a majority of this Court, I think that Mr. Justice Larsen and Mr. Justice O'Brien are correct in considering the merits of appellee's *Futch* claim. Having also followed this approach, I agree that the judgments of sentence should be affirmed.

O'BRIEN, Justice, dissenting.

I dissent from the opinion by Mr. Justice Larsen and his determination that appellant's confession was not obtained in violation of Pa.R.Crim.P. 130 (formerly Pa.R.Crim.P. 118) and *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972).

## I. REVIEWABILITY

I must initially comment that I believe, as does Mr. Justice Larsen, that the issue is properly preserved for appellate review.

On February 13, 1976, appellant filed boilerplate post-verdict motions reserving the right to file supplemental reasons. No such additional reasons were filed. Appellant did, however, file a memorandum in support of his post-verdict motions, in which all of the now proffered allegations of error were presented. The court below considered and decided all of appellant's allegations, except the issue of

whether there was probable cause to arrest appellant. The court below determined that issue was not properly before it for consideration because of appellant's failure to include the argument in his suppression motion.

The remaining issues now presented to this court are properly preserved for appellate review.

In *Commonwealth v. Blair*, 460 Pa. 31, 33, 331 A.2d 213 (1975), n. 1, this court stated:

"... Appellant's written post-trial motions were boiler plate challenges to the sufficiency of the evidence. Although counsel apparently made more specific oral motions that were considered by the court, the Pennsylvania Rules of Criminal Procedure, rule 1123(a), 19 P.S. Appendix, requires written post-trial motions.

"The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts."

At that time a majority of the court determined that after January 27, 1975, all post-verdict motions must comply with Pa.R.Crim.P. 1123.

The *Blair* rule was modified in *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977), and *Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978). In both *Grace* and *Pugh*, the court excused strict compliance with *Blair, supra*, and Pa.R.Crim.P. 1123. The deviation was permitted in circumstances where a brief or memorandum was submitted to the court arguing the questioned issues and where the court considered the issues.

In the instant case, post-verdict motions were filed thirteen months after this court's decision in *Blair*; however, as a memorandum was filed which argued all of the now-contested issues, and those issues were considered and decided by the court below, we believe *Grace* and *Pugh* control this case. We will, therefore consider the issues decided by the

court below and presented in appellant's brief to this court. Compare *Commonwealth v. Carrillo*, 483 Pa. ——, 395 A.2d 570 (1978); *Commonwealth v. Kozek*, 479 Pa. 171, 387 A.2d 1278 (1978), and *Commonwealth v. McClain*, 478 Pa. 10, 385 A.2d 970 (1978).

## II. MERITS

Appellant argues that his motion to suppress the inculpatory statement given to the police was erroneously denied. He contends that the statement was the product of an unnecessary delay between arrest and arraignment and, therefore, violative of Pa.R.Crim.P. 130, adopted June 30, 1964, effective January 1, 1965, suspended effective May 1, 1970, revised January 31, 1970, effective May 1, 1970, renumbered September 18, 1973, effective January 1, 1974, and *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).[1]

In reviewing the suppression court's determination, an appellate court will consider only the evidence of the Commonwealth and the uncontradicted evidence of appellant. *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976). So viewed, the evidence establishes the following facts.

Appellant was arrested at 5:30 a. m., on August 20, 1975. He arrived at the Police Administration Building at 5:55 a. m. At 6:00 a. m., the police warned appellant of his constitutional rights and informed him of the charges against him. The police first questioned appellant between 7:05 and 9:10 a. m. During this time, he stated that he did not remember shooting Earl Blake.[2] He agreed to take a polygraph exami-

1. See *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977) for arrests after May 16, 1977.

2. Appellant was previously questioned by police on August 13, 1975, in connection with the Blake homicide. At that time he gave a statement and took a polygraph test. On August 13, appellant contended that he did not remember shooting Earl Blake. Appellant was released later that day. This statement on August 13 was similar to appellant's initial statement of August 20, that he did not remember shooting Earl Blake.

nation and it was conducted between 9:10 a. m. and 1:30 p. m. No explanation is given in the record whether the polygraph test was conducted for four hours or a lesser time within the four-hour period. Appellant was informed that he had failed the polygraph examination at 1:40 p. m. He was rewarned of his constitutional rights and at 1:55 p. m., appellant admitted the homicide of Earl Blake. Between 2:10 and 2:40 p. m. he gave a written statement.

Appellant was subsequently arraigned. The time with which we are concerned is from 5:55 a. m., the time of arrival at the Police Administration Building, and 1:55 p. m., the time appellant incriminated himself. See *Commonwealth v. Coley*, 466 Pa. 53, 351 A.2d 617 (1976).

On the basis of the foregoing facts, I find that arraignment was unnecessarily delayed and that the inculpatory statement was related to the delay and, therefore, the confession should have been suppressed. Approximately eight hours elapsed between the arrest and the confession. More than four hours elapsed between the first and second interrogation sessions during which time a prolonged polygraph test was administered. Appellant was induced to undergo the second interrogation after being told that he failed the polygraph test. This court has previously found unnecessary delay under such circumstances. In *Commonwealth v. Sanders*, 458 Pa. 281, 327 A.2d 43 (1974), Sanders was arrested at 3:30 p. m. and arraigned at 8:30 the next morning. He did not confess during his first interrogation, but confessed during a subsequent interrogation after being told that he had "not done too well" on a polygraph test. In *Commonwealth v. Eaddy*, 472 Pa. 409, 372 A.2d 759 (1977), we found a confession to be inadmissible where it was obtained eight hours after arrest and six hours after the beginning of interrogation where the suspect did not implicate himself until being told that he had "failed" a polygraph test. The instant case is similar to *Sanders* and *Eaddy, supra,* in the amount of time that elapsed and in the

414

role of the polygraph test in inducing the confession. We find it improper to have admitted appellant's confession.

The opinion of Mr. Justice Larsen does not address the merits of either *Sanders* or *Eaddy, supra,* nor does it distinguish those cases. That opinion seeks to excuse the eight-hour delay between arrest and arraignment premised on *Commonwealth v. Whitson,* 461 Pa. 101, 334 A.2d 653 (1975).

The facts in *Whitson* are highly instructive in clarifying the result this court reached in that case. The facts in *Whitson* as recited by this court are:

". . . Appellant was arrested on January 17, 1973, at or about 1:15 p. m., by officers of the Pittsburgh police force. He arrived at police headquarters at 2:15 p. m. and was advised of his rights. Appellant then gave police a statement in which he outlined his activities on the day of the murder. This initial interview lasted approximately thirty minutes. The police then left appellant alone and proceeded to check his story. At 6:00 p. m., appellant was again interviewed, and at 6:10 p. m. he gave an oral admission, which culminated in a formal statement concluded at 6:50 p. m. At 7:00 p. m., appellant was arraigned. . . ."

The court, in *Whitson,* then analyzed the above fact in relation to the law and stated:

". . . 'In *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), we held that evidence reasonably related to an unnecessary delay between arrest and arraignment must be excluded. In the instant case, we are of the opinion that the delay between appellant's arrest and arraignment was not unnecessary. The record reveals that after appellant gave his initial statement to the police, in which he detailed his activities on the night of the murder, appellant was left alone and his story was checked by the police officers. In *Futch,* we held that a delay in arraignment caused by the necessity to investigate a defendant's story was permissible. In *Futch,* we adopted the reasoning of the District of Columbia Court of

Appeals, wherein Judge Burger, now Chief Justice Burger, stated in his concurring opinion in *Adams v. United States*, 130 U.S.App.D.C. 203, 399 F.2d 574, 579 (1968) (concurring opinion):

> " ' "Necessary delay can reasonably relate to time to administratively process an accused with booking, fingerprinting and other steps and sometimes even to make same [sic] limited preliminary investigation into his connection with the crime for which he was arrested, especially when it is directed to possible exculpation of the one arrested." ' *Adams v. United States*, 130 U.S. App.D.C. 203, 399 F.2d 574, 579 (1968) (concurring opinion).' 447 Pa. at page 392, 290 A.2d at page 418.
>
> "In the instant case, the record reveals that appellant's initial questioning ended at 2:47 p. m. and that from 2:47 p. m. until 5:45 p. m., appellant was left alone by the police while his story was checked out. At 5:45 p. m., appellant's questioning was resumed, with an oral admission coming at 6:10 p. m. Under these facts, we conclude that appellant's delay in arraignment was caused by a necessary step in the police process, the checking of his story, a reason sanctioned by this court in our *Futch* decision."

The important and determinative factor used by the court in *Whitson* was the cessation of police interrogation while the police sought to investigate or check appellant's exculpatory story. See *Commonwealth v. Kampo*, 480 Pa. 516, 391 A.2d 1005 (1978). In the instant case the police never ceased the interrogation process. After receiving an exculpatory statement, appellant was administered a four hour polygraph examination.

The facts of this case remove it from the rationale of *Whitson, supra.* Therefore, *Sanders* and *Eaddy* would apply, thereby rendering appellant's statement inadmissible.

MANDERINO, J., joins in this dissenting opinion.