406 A.2d 795
COMMONWEALTH of Pennsylvania
v.
Mary Ann SOLTIS, Appellant.

Superior Court of Pennsylvania.

Submitted May 8, 1979.
Decided June 22, 1979.

262

Francis P. Burns, Assistant Public Defender, Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania and Judge ABRAHAM H. LIPEZ of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

ROBERTS, Judge:

On December 15, 1975, a jury convicted appellant, Mary Ann Soltis, of murder of the third degree. After denying post-verdict motions, the trial court sentenced appellant to a term of imprisonment of 1 to 10 years and payment of costs. Appellant seeks discharge, challenging sufficiency of the evidence to support her conviction. Appellant also seeks a new trial on the ground that the trial court erroneously rejected her request to instruct the jury on involuntary manslaughter. We agree that the court, upon request, should have charged the jury on involuntary manslaughter. Accordingly, we reverse judgment of sentence and remand for a new trial.[1]

■ The Commonwealth presented evidence that appellant met her husband in a bar. About 30 minutes later, after quarreling with her husband, appellant left. She returned about 15 minutes later, asked to see her husband, and, when he left the bar to see her, fired towards his chest with a rifle. She tried to shoot him again, they struggled for control of the rifle and another shot was fired. Her husband died of a bullet wound in the chest. This evidence is sufficient to support the conviction of murder of the third degree. See *Commonwealth v. Hinchcliffe*, 479 Pa. 551, 388 A.2d 1068 (1978) (use of deadly weapon on vital part of body justified finding of guilty of murder of third degree).

■ Appellant testified that she did not deliberately shoot her husband, had not put her finger on the trigger and the gun went off while she and her husband were struggling

---

1. Appellant also raises the following issues as grounds for a new trial: 1) the court erred in holding jurors from the previous week of court for service on her jury before the panel of jurors was exhausted; 2) the Commonwealth, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), withheld evidence favorable to the defense materially bearing on guilt and entered testimony which it knew its own expert witness would contradict; 3) the court failed to give the jury proper instructions on culpability, justification and excusable homicide; and 4) the court erred in allowing admission of a statement of the victim as a res gestae statement. In view of our disposition, we need not consider these issues.

over it. Based on this evidence, appellant requested the court to instruct the jury on involuntary manslaughter. Since the killing of appellant's husband occurred after the Crimes Code[2] became effective, she was entitled, upon request, to the charge on involuntary manslaughter, and the court erred in refusing to provide the requested instructions. *Commonwealth v. Smith*, 474 Pa. 559, 379 A.2d 96 (1977); *Commonwealth v. Ford*, 474 Pa. 480, 378 A.2d 1215 (1977); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977); *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977).

Judgment of sentence reversed and a new trial granted.