409 A.2d 916

**COMMONWEALTH of Pennsylvania**

v.

**Charles PUE, Appellant.**

Superior Court of Pennsylvania.

Argued July 23, 1979.

Filed Sept. 7, 1979.

Petition for Allowance of Appeal Denied Feb. 4, 1980.

336

Carl E. Watts, Philadelphia, for appellant.

Marianne E. Cox, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

PER CURIAM:

Appellant was convicted, after trial before a jury, of third degree murder. The victim was the five year old son of appellant's paramour. The child had been severely beaten. Following the denial of post verdict motions, appellant was sentenced to five (5) to twenty (20) years imprisonment. The substance of this appeal involves the admissibility of a statement which appellant gave to police wherein he admitted some physical abuse of the child prior to his death.

* Justice Henry X. O'Brien of the Supreme Court of Pennsylvania and Judge Robert W. Honeyman of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

Specifically, the allegations of error involve the illegality of appellant's arrest, and the statement as a product of this illegality; the lack of effective *Miranda* warnings rendering the statement involuntary; and the statement as the product of unnecessary delay between arrest and arraignment.

Having examined the full record in this case, we find that appellant has waived all of the above points of error by failing to properly preserve them in post verdict motions pursuant to Pa.R.Crim.P., Rule 1123 and *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). The timely filed "Motion in Arrest of Judgment or For a New Trial" contained only boiler plate sufficiency of the evidence challenges. There is no issue raised as to the admissibility of appellant's statement at trial. A request for permission to file additional reasons after the transcription of notes of testimony was included; however, no such reasons were ever properly filed. Also, although supplemental written motions were presented to the lower court, and considered by Judge Bonavitacola in his opinion,[1] even these motions failed to raise the specific allegations now presented on appeal. In fact, the only challenge involving the statement raised in the supplemental motions, and addressed by the court, was whether the statement was involuntary because appellant alleged he was under the influence of drugs during interrogation. This particular challenge is not among those now presented for our review.

We therefore find that the specific issues raised by appellant on appeal have been waived by his failure to properly preserve them in post-verdict motions pursuant to Rule 1123.

Judgment of sentence affirmed.

1. This procedure is presently approved by the Supreme Court for cases now on appeal as sufficient to preserve issues for appeal even though they were not raised in filed post-verdict motions. See *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979; opinion by Eagen, C. J.); *Commonwealth v. Hitson*, 482 Pa. 404, 393 A.2d 1169 (1978); *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977).