375 A.2d 371

### COMMONWEALTH of Pennsylvania

v.

### Ronald Vernon MATT, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided June 29, 1977.

James B. Martin, Assistant Public Defender, Allentown, for appellant.

Thomas J. Calnan, Jr., Allentown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On July 26, 1975, a jury returned a verdict finding appellant guilty on two counts each of Robbery [1] and Terroristic Threats.[2] Subsequently appellant's motions for arrest of judgment or, in the alternative, for a new trial were argued and denied, and appellant was sentenced. This appeal followed in which appellant argues: (1) That his trial commenced more than 180 days after the filing of the criminal complaint, so that the judgments of sentence must be reversed and appellant discharged; (2) That the trial judge improperly expressed his opinion on the credibility of the Commonwealth's eyewitnesses; (3) That the trial judge improperly instructed the jury to consider appellant's interest in the case in evaluating his credibility as a witness. We find no error committed in the court below and will affirm.

On January 30, 1975, at approximately 7:00 P.M., three men entered a leather goods store in Allentown, Pennsylvania. At that time the store's owner, Joel Berman, a clerk, Keith Komernacki, and several customers were present. The customers departed during the thirty or forty minutes' time that the three men were trying on coats, whereupon one of the three revealed a sawed-off shotgun, pointed it at Mr. Berman, and demanded money. Mr. Berman gave the men forty dollars from the cash register, and Mr. Komernacki gave them fifty dollars and his wristwatch. The men then took two shotguns, several coats and left through the store's rear exit.

The facts stated above are the essence of the Commonwealth's proof of the *corpus delicti* at trial and are not in dispute. Appellant's defense at trial rested on the adequacy and credibility of the identification testimony of Mr. Berman

1. Crimes Code, 18 Pa.C.S. § 3701 (1973).

2. Crimes Code, 18 Pa.C.S. § 2706 (1973).

and Mr. Komernacki which, if believed, established that appellant was one of the three men who had robbed them.

■ Appellant first argues that the Commonwealth failed to bring him to trial within 180 days as mandated by Pa.R.Crim.P. 1100, 19 P.S. Appendix (1976). We find that this issue was not timely raised and, therefore, was waived. The complaint charging appellant with robbing Mr. Berman and Mr. Komernacki was filed on March 21, 1975, and the jury was chosen, sworn, and given preliminary instructions on September 24, 1975. On September 25, 1975, prior to the Commonwealth's presentation of its evidence, appellant filed a motion to dismiss pursuant to Rule 1100. The court recessed the jury and heard arguments on the motion. Admittedly, the trial had not commenced within the 180 days following the filing of the complaint. However, the Commonwealth argued first that appellant had not timely moved to dismiss under Rule 1100 and, second, that appellant was unavailable for trial for a substantial period of time following the filing of the complaint because the Commonwealth was unable to ascertain his whereabouts.[3] We agree that appellant's Rule 1100 claim has been waived.

Rule 1100(f) provides:

"At any time *before trial,* the defendant or his attorney *may apply* to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such

**3.** To support this contention the Commonwealth offered the testimony of Detective John Beltz, the prosecuting officer from Allentown. Detective Beltz testified that he caused warrants to issue for appellant's arrest on April 4, 1975 when it was learned that appellant was incarcerated on other charges in Northampton County Prison. Appellant was arrested on the same day. Of course, if appellant's whereabouts were unknown and could not be ascertained through due diligence prior to April 4, 1975, those fifteen days must be excluded pursuant to Pa.R.Crim.P. 1100(d)(1), and the comment thereto, thus making appellant's trial timely. However, because we find that appellant's Rule 1100 claim has been waived, we need not determine whether the Commonwealth was duly diligent in seeking to determine his whereabouts.

application shall dismiss the charges with prejudice and discharge the defendant." [Emphasis added.]

However, subsection (b) of the rule states that for the purposes of Rule 1100, "trial shall be deemed to commence on the date the trial judge calls the case to trial." Prior to appellant's filing his motion to dismiss, the case had not only been called to trial, but the jury had been selected, sworn, and given preliminary instructions as to its obligations concerning the case. Nevertheless, appellant argues, without authority, that subsection (f) should be read as permissive rather than mandatory; i. e., that "*may* apply to the court for an order dismissing the charges" does not prohibit him from applying for the order after trial has commenced. Our Supreme Court has rejected just such an argument for the Commonwealth under Rule 1100(c) concerning the time when the Commonwealth "may apply" for an extension of time.[4] We see no reason to construe the phrase in question in the instant case any differently.

Appellant also argues that the court erroneously and prejudicially charged the jury concerning the testimony of Mr. Komernacki. In that regard appellant particularly directs us to the following passage in the charge:

"Mr. Komarnacki was next called to the stand. He was the clerk in the store and he testified that he observed these men for some 35 to 40 minutes in the store, that he saw them come in together, talk with each other and try coats on. He said he saw the gun and was told to stay cool and keep the dog cool, which he said he did. He said that one of these men was about ten to twelve feet away from him when this occurred, and *he, too, appeared quite certain in his identification* of Ronald Matt as one of the perpetrators." [Emphasis added.]

In arguing that the court's charge included an improper comment on the credibility of Mr. Komernacki's identification testimony, thereby undermining the viability of his alibi defense, appellant refers us to *Commonwealth v. Butler,* 448 Pa. 128, 291 A.2d 89 (1972) and *Commonwealth v. Goins,* 457

4. *Commonwealth v. Shelton,* 469 Pa. 8, 16, 364 A.2d 694, 698 (1976).

Pa. 594, 321 A.2d 913 (1974). Generally speaking, *Butler* admonished courts to refrain from commenting on the credibility of witnesses and, appellant asserts *Goins* fortified the rule in situations where the comment is directed at the defendant's sole defense. In *Goins* the Court stated:

> "Unquestionably, a comment suggesting the court's view as to the merits of an accused's sole defense is a greater intrusion upon the province of a factfinder than on expression of the court's opinion as to the credibility of a single witness. Clearly, if the latter is prohibited, the former may not be condoned." *Id.* 457 Pa. at 600, 321 A.2d at 916.

In the instant case, however, the passing reference of trial court that Mr. Komernacki "appeared quite certain" about his identification testimony, when taken in context with the charge as a whole and Komernacki's testimony, was harmless beyond a reasonable doubt.

First, the cases in which the courts of this Commonwealth have found a judge's remark in his charge to be an intolerable invasion on the fact-finding province of the jury involved comments far more damaging than the comment made in the instant case. For example, in *Goins* the judge told the jury that they should either find the defendant guilty of first degree murder or acquit him, despite the fact that the principal defense in the case concerned the defendant's state of mind. The defense strategy was to mitigate the crime so the jury would return a guilty verdict for second degree murder only. Obviously, the court's charge in *Goins* went a long way toward destroying that strategy.

In the instant case, what initially seems to be an improper comment upon the appearance of a witness with respect to his credibility, in fact was only a paraphrase of the testimony of the witness. Both Komernacki and Berman testified that they were "absolutely certain" that appellant was one of the robbers. In light of that testimony, the trial judge's remark that Komernacki "appeared quite certain" in identifying appellant did not exceed the legitimate function of the trial court in summarizing the evidence in connection with

544

its charge to the jury. Certainly, the comment does not approach those actions of the trial judge which the courts of this Commonwealth have recognized as necessitating a new trial. See, e. g., *Commonwealth v. Archambault,* 448 Pa. 90, 290 A.2d 72 (1972); *Commonwealth v. McCoy,* 401 Pa. 100, 162 A.2d 636 (1960); *Commonwealth v. Trunk,* 311 Pa. 555, 167 A. 333 (1933).

■ Finally, appellant argues that the court erred in instructing the jury that it could consider appellant's interest in the case when evaluating his credibility. Appellant concedes that his argument is at odds with our decision in *Commonwealth v. Dolny,* 235 Pa.Super. 241, 251, 342 A.2d 399, 404 (1975) where we said:

> "It was not error for the court below to advise the jury that it must pass upon the credibility of witnesses, including appellant, and in so doing, to consider the interest of the witnesses in the outcome of the case."

Appellant urges, however, that a footnote in *Commonwealth v. Zapata,* 455 Pa. 205, 211, n. 3, 314 A.2d 299 (1974) prevails. While it is true the Court in *Zapata* did state, in passing, that a defendant's interest in a case did not require special emphasis, the Court was referring to a different means of impeachment—the practice of impeaching a defendant's credibility as a witness by showing that he has been indicted in a related case. Because the defendant's interest in the case being tried is already a factor to be considered by the jury in determining his credibility, proof of related offenses may be far more prejudicial than it is relevant. Obviously, therefore, *Zapata* is not on point; it had nothing to do with the long-standing rule that the instant charge on credibility was appropriate. See *Commonwealth v. Tauza,* 300 Pa. 375, 150 A. 649 (1930).

For the foregoing reasons the judgment of sentence is affirmed.