395 A.2d 570

COMMONWEALTH of Pennsylvania

v.

Adolfo CARRILLO, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued April 17, 1978.

Decided Oct. 5, 1978.

Rehearing Denied Jan. 2, 1979.

David H. Weinstein, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., William C. Turnoff, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

This appeal arises from the judgments of sentence imposed upon appellant, Adolfo Carrillo, in connection with the shooting death of Santiago Garcia.

Appellant was tried by a judge sitting without a jury in the Court of Common Pleas of Philadelphia, and was found guilty of murder of the first degree and possession of instruments of crime. Post-verdict motions were denied. On January 12, 1977, appellant was sentenced to life imprisonment for the murder conviction and a concurrent two and one-half to five year term of imprisonment on the weapon's conviction.

Appellant appealed the judgment of sentence on the murder conviction to this court and appealed the judgment of sentence imposed upon the weapons conviction to Superior Court, which certified that appeal to this court for disposition.

Initially, appellant raises three issues that are *not* properly before this court. The issues, as set forth in appellant's brief, are:

"1. Is an individual demonstrated to be inept in the English language competent to explain the rights of de-

fendant to defendant, and further competent to take his statement?

"2. If such a statement is taken is it admissible?

"3. Where an officer repeats the statement of a fellow officer who extensively translates from Spanish to English a statement of the defendant, where the first officer does not speak Spanish, is this hearsay?"

■ Appellant filed "boilerplate" post-verdict motions twenty-two months after this court's decision in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). See Pa.R.Crim.P. ˙ 1123(a). The motions did not contain any references to the above issues. Appellant, however, filed a brief in support of his post-verdict motions, raising the now proffered arguments. The court below, acting in compliance with this court's decision in *Commonwealth v. Blair* and Pa.R.Crim.P. 1123(a) declined to consider the issues. Of course, there can be no error or abuse of discretion on the part of the court en banc in adhering to this court's decision in *Blair* and Pa.R.Crim.P. 1123(a). See *Commonwealth v. McClain*, 478 Pa. 10, 385 A.2d 970 (1978).

Appellant next argues that the court below should have found:

1. That the shooting was in self-defense and was, therefore, justifiable homicide.

2. That if not self-defense, then the highest degree of criminal homicide that he should have or could have been found guilty of was voluntary manslaughter.

3. That the fact-finder was required to disbelieve the testimony of two Commonwealth witnesses, Richard and Angel Colon, the decedent's stepsons.

4. That the facts do not sustain a finding of willful, deliberate and premeditated murder.

Appellant's arguments go to the failure of the judge to believe his version of the events rather than the Common-

wealth's facts and the judge's failure to discount the testimony of Richard and Angel Colon.

■  We have reviewed the record in the instant case in light of appellant's specific allegations and also pursuant to our statutorily imposed duty by the Act of February 15, 1870, P.L. 15, § 2, 19 P.S. 1187. We find the evidence sufficient to sustain appellant's conviction for murder of the first degree.

Judgments of sentence affirmed.

MANDERINO, J., files a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. The majority is being overly technical in a way that I thought had been rejected by this Court. Appellant filed post-verdict motions and requested permission to file supplemental motions after receiving a transcript of the testimony. Appellant later raised, in writing, additional issues for consideration. These were timely raised in a brief submitted to the post-verdict motion court. The trial court and this Court refused to consider the issues raised because, although in writing, they were submitted in a brief and not in a "supplemental motion." The distinction is absurd. The error is only one of a *caption*. Had appellant typed or printed on his brief the "magic words"—supplemental motion, there would be no problem. I must dissent.

I wish also to note that the procedure of filing a motion before submitting a brief at the post-verdict stage of the appellate process is the *only* stage of the appellate process where we require that a motion containing, in effect, a statement of the questions presented be submitted immediately. Later we only require a notice of appeal and give counsel time to prepare before outlining the questions presented *in a brief—not before*. Why should we require a "statement of questions presented" (post-verdict motion) at the earliest point in the appellate process? I know our Rules say so—but they should not and should be changed. Since

they now do, however, we should not penalize counsel who presents issues in writing but uses, in effect, the wrong caption.