402 A.2d 1374

COMMONWEALTH of Pennsylvania

v.

Michael TWIGGS, Appellant.

Supreme Court of Pennsylvania.

Submitted April 24, 1979.

Decided July 6, 1979.

Rudolph S. Pallastrone, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Clifford E. Haines, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION

ROBERTS, Justice.

A jury convicted appellant of murder of the first degree as a result of the September 30, 1975 shooting of Christopher

Ross. On April 1, 1976, appellant filed boilerplate motions in arrest of judgment and for a new trial. The court of common pleas denied post-verdict motions and, on February 7, 1977, sentenced appellant to life imprisonment.

On direct appeal, appellant contends that he is entitled to relief on two grounds: (1) the trial court improperly restricted defense counsel's cross-examination of a police detective and did not permit counsel to elicit the circumstances in which police took statements from a defense witness; and (2) the prosecuting attorney, in his summation, included remarks which were so prejudicial as to entitle appellant to a new trial. Our Criminal Procedural Rule 1123(a) and this Court's mandate in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) as well as subsequent cases require that judgment of sentence be affirmed.

Rule 1123(a) of the Pennsylvania Rules of Criminal Procedure, adopted June 8, 1973, provides:

"Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued."

In *Commonwealth v. Blair*, 460 Pa. at 32 n.1, 331 A.2d at 214 n.1 this Court on January 29, 1975, unanimously stated:

"The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts."

In *Commonwealth v. Terry*, 462 Pa. 595, 602 n.3, 342 A.2d 92, 96 n.3 (1975), this Court "stress[ed] that written post-verdict motions filed subsequent to our decision in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), will be conclusive on the issues to be considered by the Court *en banc* and reviewable by appellate tribunals." And in *Commonwealth*

*v. Grace*, 473 Pa. 542, 546, 375 A.2d 721, 723 (1977), this Court "again remind[ed] counsel that written post-verdict motions must be filed and these motions must include every assignment of error which counsel wishes to preserve for appellate review."

The requirement that issues and ground for relief be specifically raised in written post-verdict motions ensures their thorough consideration and enhances the quality of review at both the trial and appellate levels. "Failure to specify *in writing* the reasons urged in support of motions for a new trial and in arrest of judgment complicates the appellate task of determining whether alleged trial errors have been properly preserved for appellate review." *Commonwealth v. Hilton*, 461 Pa. 93, 95 n.1, 334 A.2d 648, 649 n.1 (1975).

> "Where boilerplate variety motions are filed it is often difficult, if not impossible, to determine with precision the issues actually argued before the court below. The trial court's opinion may not refer to all questions touched upon in oral argument; the trial court may *sua sponte* address an issue not presented by the parties; and finally, the court may misperceive the issue actually urged by the party."

*Commonwealth v. Waters*, 477 Pa. 430, 435, 384 A.2d 234, 237 (1978) (footnote omitted). As we noted in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 259, 322 A.2d 114, 117 (1974):

> "With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. . . . [A]ppellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal."

Quoted with approval in *Commonwealth v. Clair*, 458 Pa. 418, 421, 326 A.2d 272, 274 (1974).

As indicated, appellant filed boilerplate post-verdict motions on April 1, 1976, fourteen months after our decision in *Blair* and more than one full year after its March 1, 1975 publication in the Atlantic Second Advance sheets. The issues of improper restriction of cross-examination and a prejudicial summation by the prosecuting attorney were raised in writing for the first time by appellant before this Court, and not included in his written post-verdict motions or heretofore submitted in writing. Appellant requested leave of court to file additional or supplemental post-verdict motions when the trial transcript became available. There is nothing on this record, however, to indicate either that such leave was granted or that additional or supplemental written motions raising the same grounds for relief appellant now presents to this Court were in fact filed.

Appellant's written post-verdict motions make no mention of the issues appellant now requests this Court to consider, and contrary to the assertion of Mr. Chief Justice Eagen, nothing else on the record, or otherwise properly before this Court, indicates appellant preserved these issues in writing. Despite our express January 1975 mandate in *Blair* that "issues not presented in compliance with the rule will not be considered by our trial and appellate courts," the post-verdict court nonetheless undertook to consider and decide the issues on its own motion. Such action by the trial court does not alter this Court's rule that issues not raised in post-verdict motions will not be considered by our trial or appellate courts. In *Commonwealth v. Waters*, 477 Pa. 430, 436 n.8, 384 A.2d 234, 237 n.8 (1978) this Court emphasized:

> "[W]e do not believe that the fact that the trial court considered the question provides a basis for departure from the mandate of *Blair*. First, *Blair* was direction both to counsel and the court below to consider only those issues properly raised in the written post-trial motions in accordance with Rule 1123(a). Secondly, as has been stated, the mere fact that the court below may have considered the issue does not assure the objectives sought to be achieved by this particular section of the rule."

Here, just as in *Waters,* the failure of appellant and the trial court to comply with Rule 1123(a) and the mandates of *Blair, Hilton,* and *Terry* compels the conclusion that the issues appellant now seeks to raise here are not preserved for appellate review. Accord, *Commonwealth v. Gamble,* 485 Pa. 418, 402 A.2d 1032 (1979); *Commonwealth v. Hennessey,* 485 Pa. 647, 403 A.2d 575 (1979). Hence the now asserted issues of improper restriction of cross-examination and prejudicial summation have been waived and, as this Court mandated in *Blair,* "will not be considered by our trial and appellate courts."

Judgment of sentence affirmed.

EAGEN, C. J., filed a concurring opinion in which O'BRIEN and FLAHERTY, JJ., join.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. For the reasons fully set forth in this writer's dissenting opinion in *Commonwealth v. Hagans,* 483 Pa. 421, 397 A.2d 415 (1979), the issues raised by appellant are not waived. *Accord Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978) and *Commonwealth v. Roach,* 477 Pa. 379, 383 A.2d 1257 (1978) (Manderino, J., dissenting).

EAGEN, Chief Justice, concurring.

I concur in the order of the Court affirming the judgment of sentence. I also agree two issues now raised are waived, but not for the reasons stated by Mr. Justice Roberts.

Two issues raised by Michael Twiggs, appellant, are waived because they were not properly preserved for review at trial under this Court's rulings in *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974) and *Commonwealth v. Glenn,* 459 Pa. 662, 330 A.2d 535 (1974).[1] The third issue is

---

1. Logically, the Court should not even reach the waiver issue under *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975), as to these two issues because they were waived before post-verdict motions were filed.

whether the trial court erred in allowing into evidence prior contradictory statements of a defense witness which were allegedly involuntarily obtained. Of course, Twiggs had no standing to obtain suppression of these statements, *Zurcher v. Stanford Daily*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978), and the circumstances under which they were obtained were for the jury to consider.

This Court's ruling that the issues are waived under *Commonwealth v. Blair*, supra, is contrary to prior precedent, *Commonwealth v. Hitson*, 482 Pa. 404, 393 A.2d 1169 (1978); *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978); *Commonwealth v. Jones*, 478 Pa. 172, 386 A.2d 495 (1978); *Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977), contrary to a basic sense of fairness as enunciated in *Commonwealth v. Bailey*, 463 Pa. 354, 344 A.2d 869 (1975) and *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975), cf. *Commonwealth v. Roach*, 477 Pa. 379, 381, 383 A.2d 1257, 1258 (1978) (concurring opinion, Roberts, J.), and contrary to the efficient administration of justice.

*Commonwealth v. Blair*, supra, held that, henceforth, issues not presented in *written* post-verdict motions, Pa.R. Crim.P. 1123(a), would not be considered preserved for appellate review. Thereafter, a majority of this Court held that, if a brief was filed or presented to the post-verdict motion court and that court considered the issues,[2] the mandate of a writing of Pa.R.Crim.P. 1123(a) would be viewed as substantially complied with and the issues raised in such a brief would be reviewed. *Commonwealth v. Hitson*, supra, (Opinion of the Court affirming on the merits, Larsen, J. joined by Eagen, C. J.; Dissenting Opinion, which would have reversed on the merits, O'Brien, J. joined by Manderino, J.; Concurring Opinion, affirming on the merits,

2. Where the issues are considered waived by the post-verdict motion court for failing to strictly comply with Pa.R.Crim.P. 1123(a), we have held the issues waived. See, e. g., *Commonwealth v. Carillo*, 483 Pa. 215, 395 A.2d 570 (1978).

Pomeroy, J.); [3] *Commonwealth v. Slaughter*, supra, (Opinion of the Court, Manderino, J. joined by Eagen, C. J., O'Brien and Pomeroy, JJ.; Larsen, J. noted a dissent, but did not join either of two dissenting opinions which would have found a waiver under *Commonwealth v. Blair*, supra); [4] *Commonwealth v. Jones*, supra, (Opinion of the Court, affirming the judgment on the merits, Eagen, C. J. joined by O'Brien, Pomeroy and Larsen, JJ.; Dissenting Opinion, which would have reversed on the merits, Roberts, J. joined by Manderino, J.); [5] *Commonwealth v. Pugh*, supra, (Opinion of the Court, remanding on the merits of an issue, Eagen, C. J. joined by O'Brien and Manderino, JJ.; Dissenting Opinion, which would have affirmed on the merits, Pomeroy, J.); [6] *Commonwealth v. Perillo*, supra, (Opinion of the Court, reversing on the merits, Eagen, C. J. joined by O'Brien and Manderino, JJ.; Concurring Opinion joining in reversal on the merits, Roberts, J.); [7] *Commonwealth v. Grace*, supra,

3. Four members of this Court as it is presently constituted reached the merits of the issues raised in *Commonwealth v. Hitson*, supra, along with former Justice Pomeroy.

4. Clearly *Commonwealth v. Slaughter*, supra, represents a majority view, as the Court was then constituted, on waiver.

5. Mr. Justice Roberts has stated *Commonwealth v. Blair*, supra, should not be applied if post-verdict motions were filed prior to March 1, 1975, the date of publication of that case by West Publishing Company. See *Commonwealth v. Roach*, 477 Pa. supra at 381, 383 A.2d at 1258. But, in reaching the merits in *Commonwealth v. Jones*, supra, he expressed agreement with the principle that a brief preserves the issues because Mr. Justice Nix pointed out in his concurring opinion in *Commonwealth v. Jones*, supra 478 Pa. at 180, 386 A.2d at 499, that post-verdict motions were filed *on June 30, 1975*. Accordingly, five members of this Court as it is presently constituted, along with former Justice Pomeroy, reached the merits of the issues raised in *Commonwealth v. Jones*, supra, on the basis of a *presented brief*.

6. Clearly *Commonwealth v. Pugh*, supra, represents a majority view of the Court, as then constituted, on waiver.

7. Motions were filed prior to the publication date of *Commonwealth v. Blair*, supra, by West Publishing Company, but were not decided until after that date. Accordingly, four members of this Court as presently constituted reached the merits of the issue raised in *Commonwealth v. Perillo*, supra, on the basis of a *filed brief*.

(Opinion of the Court, affirming on the merits, Eagen, J. [now C. J.] joined by Jones, C. J., O'Brien and Pomeroy, JJ.; Dissenting Opinion, which would have reversed on the merits, Manderino, J.).[8] Instantly, a brief raising the issues, now held waived under *Commonwealth v. Blair*, supra, was presented to the post-verdict motion court and that court considered the issues. Hence, it is readily apparent that today's ruling by the court is contrary to the precedent established by this Court as previously and presently constituted.[9]

Be that as it may, I am willing to abandon *Commonwealth v. Grace*, supra, and its progeny, but as I have said before, *Commonwealth v. Allen*, 478 Pa. 342, 386 A.2d 964 (1978) (Opinion in Support of Reversal, Eagen, C. J. joined by Pomeroy, J.), we should do so prospectively. First, there is no reason to treat Twiggs any different than the manner in which a majority of this Court has treated other persons. Second, counsel, in using a brief instantly, was entitled to rely on the precedent of this Court if the trial court in which he was representing his client allowed briefs.[10] Third, as Mr. Justice Roberts pointed out in *Commonwealth v. Bailey*, supra, wherein we held oral motions made before *Commonwealth v. Blair*, supra, would be considered preserved for review because to not do so would be "unfair" since prior practice misled counsel,[11] fairness mandates that reliance on prior practice and precedent be considered and that that reliance dictates a prospective ruling in circumstances such as these. Accord *Commonwealth v. Fortune*, supra. Hence, it is also readily apparent that today's ruling is basically unfair.

8. *Commonwealth v. Grace*, supra, is thus a majority view of this Court on waiver.

9. There has never been precedent to the contrary. The opinion of the Court erroneously relies on cases involving oral motions only.

10. See n. 2, supra. Where the trial court would rule the issues are waived despite a brief, counsel could not rely on our precedent.

11. See also *Commonwealth v. Roach*, supra 477 Pa. at 381, 383 A.2d at 1258 (Concurring Opinion, Roberts, J.).

Finally, can anyone expect today's ruling to result in anything but valid claims of ineffective assistance of trial counsel such that post-conviction relief petitions will result? Will not these petitions result in unnecessary hearings in our trial courts? Can the result of those hearings be doubted? Surely trial counsel will say: "I relied on precedent because I read the law and kept tract of the majority view of the Supreme Court of Pennsylvania." The trial court will say: "You have my sympathies, but the Supreme Court issued warnings even though they never held a brief was inadequate or that motions were mandatory. Hence, you were ineffective." Then new counsel will be appointed and new post-verdict motions will be filed. The trial court will undoubtedly rely on its prior disposition of the issues when they were presented in a brief and an appeal will follow. Then, this Court will reach the merits. For shame, our trial courts have enough to do, they are already overburdened; and, the lawyers in this Commonwealth have enough to do with trying to keep up with the law as a result of the mountains of opinions courts are filing, they should not have to go through meaningless acts leading to predetermined results. Hence, it is readily apparent that the efficient administration of justice is today dealt an unnecessary and unwarranted defeat.

I emphatically disagree with the Court's rationale, but concur in affirmance for the reasons previously stated.

O'BRIEN and FLAHERTY, JJ., join in this opinion.