402 A.2d 1032

**COMMONWEALTH of Pennsylvania**

v.

**Bradford GAMBLE, a/k/a Tyrone Jackson, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 26, 1979.

Decided July 6, 1979.

Joshua M. Briskin, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Nancy D. Wasser, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On July 22, 1976, appellant was convicted of murder of the first degree and possession of instruments of crime. On July 26, 1976, appellant filed post-trial motions and reserved the right to file additional and supplemental motions. No additional or supplemental motions were filed and appellant's post-trial motions were denied. Appellant was sentenced to a term of life imprisonment for his murder conviction and a consecutive term of one and one-half to three years for the weapon convictions. Appellant now directly appeals from his murder conviction[1] and raises as his sole issue for review the admissibility of a dying declaration introduced at trial.[2]

This issue has been waived. Although appellant orally argued this issue before the lower court during his post-trial motions hearing, appellant never specifically included the claim in his written posttrial motions which were of the boiler plate variety.[3] Pa.R.Crim.P. 1123(a), 19 P.S. Appendix

1. An appeal to the Superior Court from the weapons conviction was consolidated with this appeal.

2. We have reviewed the record and find that the evidence supports appellant's conviction of murder of the first degree.

3. Appellant's written post-trial motions included the following allegations:
   "1. The verdict is contrary to the evidence.
   2. The verdict is contrary to the weight of the evidence.
   3. The verdict is contrary to the law.
   4. The Commonwealth did not prove the charges of Possession of an Instrument of Crime Generally; Possession of an Instrument of Crime, Concealed Weapon; Prohibited Offensive Weapon; Murder;

requires *written* post-trial motions. In *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), this Court directed trial and appellate courts to consider only those issues *specifically* set forth in written post-trial motions. In *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978), this Court held that an issue presented orally before the lower court, but not specifically raised in written post-trial motions is waived even though that issue was considered by the lower court.

Judgments of sentence affirmed.

EAGEN, C. J., filed a concurring opinion.

MANDERINO, J., filed a concurring opinion.

EAGEN, Chief Justice, concurring.

I join in Mr. Justice LARSEN's opinion. No brief was presented or filed in the post-verdict motion court. Compare *Commonwealth v. Gravely*, —— Pa. ——, 404 A.2d 1296 (1979).

MANDERINO, Justice, concurring.

Because no brief was filed or presented in the post-verdict motions court and because the *Blair* decision was published in the official Pennsylvania Reporter before post-verdict motions were filed, the issues raised by appellant are waived. Pa.R.Crim.P. 1123(a).

Voluntary Manslaughter and Involuntary Manslaughter by a preponderance of the evidence.

5. The Commonwealth did not prove the case beyond a reasonable doubt."