411 A.2d 514

**COMMONWEALTH of Pennsylvania**

v.

**John LENNOX, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Filed Oct. 5, 1979.

Roy H. Davis, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

Following a jury trial commenced on December 9, 1975, appellant was convicted of recklessly endangering another person [1] and simple assault.[2]  Post-trial motions were denied, and appellant was sentenced to one year of probation and was ordered to pay the costs of prosecution.

■ On appeal from the judgment of sentence, appellant raises the following contentions: (1) that his right to a speedy trial under Pa.R.Crim.P. 1103 [3] was violated; (2) that the trial court erroneously overruled his demurrer to the Commonwealth's evidence on the simple assault charge; and (3) that his trial counsel was ineffective for failing to

**1.** 18 Pa.C.S. § 2705.

**2.** 18 Pa.C.S. § 2701(a)(3).

**3.** Since the complaint in the instant case was filed on October 26, 1974, Pa.R.Crim.P. 1100(a)(2) applies.  Section (a)(2) provides that:
"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

preserve, in post-trial motions, his Rule 1100 claim. We find that appellant has waived the first two issues by not raising them to the trial court in written post-trial motions. Since appellant raises the issue of ineffectiveness of trial counsel, however, and is represented on appeal by counsel associated with the same public defender's office as was his trial counsel, we must remand this case to the Court of Common Pleas of Delaware County for appointment of appellate counsel not associated with the Delaware County Public Defender's Office.

In the case of *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975), our supreme court held that issues not presented to the trial court in compliance with Pa.R.Crim.P. 1123, *i. e.,* in written post-trial motions, will not be considered by our trial and appellate courts. In subsequent decisions, the court proceeded to adulterate this requirement by holding that issues would be seen as preserved if briefed before the post-verdict motion court and considered on the merits by that court. *See, e. g., Commonwealth v. Jones,* 478 Pa. 172, 386 A.2d 495 (1978); *Commonwealth v. Pugh,* 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v. Perillo,* 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (1977). In recent decisions, however, the supreme court has returned to its initial posture that issues not presented to the trial court in written post-trial motions are waived. *See Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Twiggs,* 485 Pa. 481, 402 A.2d 1374 (1979).

In the instant case, appellant filed boiler-plate post-trial motions alleging that: (1) the verdict was contrary to the evidence; (2) the verdict was contrary to the weight of the evidence; (3) the verdict was contrary to the law; and (4) causes appear on the record which are errors of law. The court of common pleas refused to consider the issues of whether appellant's demurrer and his motion to dismiss under Rule 1100 were improperly denied, and cited *Commonwealth v. Blair, supra,* to support its action. Under these

circumstances, the trial court was correct in refusing to consider issues not raised in written post-trial motions, and these issues are waived on appeal.

We are compelled, however, to remand the case to the court of common pleas for appointment of appellate counsel not associated with the Delaware County Public Defender's Office. Our supreme court has held that when the issue of ineffectiveness of trial counsel is raised on appeal, the appellant is entitled to a remand for appointment of new counsel not associated with trial counsel. *Commonwealth v. Glasco*, 481 Pa. 490, 393 A.2d 11 (1978). In the instant case, appellant was represented at trial and throughout the post-trial motions stage by Edward Jay Weiss; he was represented at his sentencing hearing by Theodore Melenchuk, and on appeal, he is being represented by Roy Davis. All three counsel were associated with the Delaware County Public Defender's Office during the time they represented appellant. Since the issue of ineffectiveness of trial counsel is being raised on appeal and appellate counsel and trial counsel were members of the same public defender's office, we must remand this case to the Court of Common Pleas of Delaware County for appointment of counsel not associated with the Delaware County Public Defender's Office.[4]

Case remanded for appointment of new counsel.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I respectfully dissent.

4. Although the issue of appointment of new counsel was not raised by appellant, we may raise the issue sua sponte. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977).