428 A.2d 228

**COMMONWEALTH of Pennsylvania,**

v.

**John LENNOX, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1980.

Filed April 3, 1981.

42

Donald W. Lehrikinder, Jr., Media, for appellant.

Frank Hazel, District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

This case is appearing before this court for a second time after remand to the trial court to appoint new counsel to argue ineffectiveness of counsel on this appeal. An opinion was ably written by our colleague, Judge Price, when this proceeding was initially before this court. He wrote:

Following a jury trial commenced on December 9, 1975, appellant was convicted of recklessly endangering another person[1] and simple assault.[2] Post-trial motions were denied, and appellant was sentenced to one year of probation and was ordered to pay the costs of prosecution.

On appeal from the judgment of sentence, appellant raises the following contentions: (1) that his right to a speedy trial under Pa.R.Crim.P. 1100[3] was violated; (2) that the trial court erroneously overruled his demurrer to the Commonwealth's evidence on the simple assault charge; and (3) that his trial counsel was ineffective for failing to preserve in post-trial motions, his Rule 1100 claim. We find that appellant has waived the first two issues by not raising them to the trial court in written post-trial motions. Since appellant raises the issue of ineffectiveness of trial counsel, however, and is represented on appeal by counsel associated with the same public

1. 18 Pa.C.S. Section 2705.

2. 18 Pa.C.S. Section 2701(a)(3).

3. Since the complaint in the instant case was filed on October 26, 1974, Pa.R.Crim.P. 1100(a)(2) applies. Section (a)(2) provides that:
"That in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

defender's office as was his trial counsel, we must remand this case to the Court of Common Pleas of Delaware County for appointment of appellate counsel not associated with the Delaware County Public Defender's Office.

In the case of *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), our supreme court held that issues not presented to the trial court in compliance with Pa.R. Crim.P. 1123, *i. e.*, in written post-trial motions, will not be considered by our trial and appellate courts. In subsequent decisions, the court proceeded to adulterate this requirement by holding that issues would be seen as preserved if briefed before the post-verdict motion court and considered on the merits by that court. *See, e. g., Commonwealth v. Jones*, 478 Pa. 172, 386 A.2d 495 (1978); *Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977). In recent decisions, however, the supreme court has returned to its initial posture that issues not presented to the trial court in written post-trial motions are waived. *See Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Twiggs*, 485 Pa. 481, 402 A.2d 1374 (1979).

In the instant case, appellant filed boiler-plate post-trial motions alleging that: (1) the verdict was contrary to the evidence; (2) the verdict was contrary to the weight of the evidence; (3) the verdict was contrary to the law; and (4) causes appear on the record which are errors of law. The court of common pleas refused to consider the issue of whether appellant's demurrer and his motions to dismiss under Rule 1100 were improperly denied, and cited *Commonwealth v. Blair*, supra, to support its action. Under these circumstances, the trial court was correct in refusing to consider issues not raised in written post-trial motions, and these issues are waived on appeal.

*Commonwealth v. Lennox*, 270 Pa.Super. 254, 411 A.2d 514 (1979).

■ It is well established that we will not find ineffective assistance of counsel unless we determine that the actions of

counsel lacked "*some reasonable basis* designed to effectuate" their client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1969).

■ Judge Price has stated the rationale behind the Pennsylvania Supreme Court's decision in *Blair*, supra, *Gravely*, supra, and *Twiggs*, supra. A decision by us today searching through the underlying grounds for appeal would contradict Judge Price's opinion and deny appellant his rights under existing precedent. We expect defense attorneys to comply with the procedures mandated by the Supreme Court, and we will not treat noncompliance with those procedures as mere "technical" defects.

■ The original attorney did not act reasonably in filing boiler-plate post-verdict motions. In doing so, original counsel waived grounds upon which appellant sought to appeal. To hold these actions have some reasonable basis to representation of the appellant bears no relationship to logic. Defense attorneys, as do all attorneys, carry an obligation to be aware of current law. While we recognize this task is a weighty one, it is a duty which is not easily excused under these circumstances.

The appellant clearly presents argument that Rule 1100 was violated. However, we cannot hold that Lennox's right to a speedy trial was violated because that issue is not before us. If we were to hold that the issues waived by Lennox could be addressed on appeal, then we would be presenting an inherently contradictory opinion. The rule of procedure which concerns us today is not one into which we can carve sensible, well-defined exceptions. Any exception would swallow the rule. See *Commonwealth v. Caesar*, 478 Pa. 575, 387 A.2d 471 (1979), (POMEROY, J. dissenting).

The Pennsylvania Supreme Court has stated in *Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1976) what our scope of inquiry into reasons for original counsel's decision is and what action we may take:

Where the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or

omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as allowing the filing of post trial motions or the ordering of a new trial, granted. [Fn. omitted] Where, on the other hand, it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken. [Fn. omitted]

id., 469 Pa. at 324, 365 A.2d 1111. See also *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978), *Commonwealth v. Weber*, 256 Pa.Super. 249, 389 A.2d 1107 (1978).

■ The ineffective actions of original counsel resulted in Lennox not being permitted to present his Rule 1100 claim at a post-conviction hearing. Therefore, pursuant to the procedures set out by the Pennsylvania Supreme Court in *Commonwealth v. Hubbard*, 472 Pa. 259, 279 n.8, 372 A.2d 687 n.8 (1977), we remand to the trial court—for post-trial motions nunc pro tunc—to raise the allegation that appellant's right to a speedy trial under Rule 1100 was violated.

Judgment remanded.

VAN der VOORT, J., concurs in result.