462 A.2d 853

**COMMONWEALTH of Pennsylvania**

**v.**

**Stephen James MURPHY, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 1983.

Filed July 8, 1983.

Joseph P. Green, Jr., Assistant Public Defender, West Chester, for appellant.

Stuart Suss, Assistant District Attorney, West Chester, for Com., appellee.

Before HESTER, MONTEMURO and POPOVICH, JJ.

PER CURIAM:

On December 19, 1979, a jury found appellant, Stephen James Murphy, guilty of aggravated assault,[1] simple assault,[2] retaliation against a witness or informant,[3] and criminal conspiracy.[4] Post-trial motions were filed and denied. On April 21, 1981, appellant was sentenced on the charge of aggravated assault to pay a fine of $50.00 plus the costs of

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 2701.

3. 18 Pa.C.S. § 4908.

4. 18 Pa.C.S. § 903.

prosecution and be incarcerated for a period of not less than four months nor more than twelve months. On all of the other charges, appellant was placed on probation for concurrent one year periods, consecutive to the prison terms imposed. A petition to modify sentence was filed on April 30, 1981. A rule to show cause issued on the petition and a hearing was scheduled for July 15, 1981.[5] On May 13, 1981, appellant filed a notice of appeal to this Court from the judgment of sentence imposed on April 21. We remand this case for further proceedings because the issue of ineffectiveness of trial counsel is raised by appellate counsel from the same public defender office as trial counsel.

Appellant raises four questions on this appeal. They include:

I. Whether the trial court erred in refusing to grant defendant's request for a mistrial after the prosecutor made improper refeence during closing argument to matters outside the facts and evidence presented at trial?

II. Whether trial counsel was ineffective in failing to object to the prosecutor's statement during closing argument that the defendant had a vital interest in the outcome of the case?

III. Whether the trial court erred in refusing to grant defendant's request for a mistrial after testimony pertaining to prior convictions of the defendant had been solicited by the prosecutor?

IV. Whether the evidence and testimony presented at trial were sufficient to establish the crimes charged beyond a reasonable doubt?

Appellant's first, third and fourth contentions of error were adequately addressed by the lower court in its opinion of April 27, 1982, and we need not comment on them any further.

■■■ Appellant's second contention, which alleges ineffective assistance of counsel, was not raised in post-trial

5. There is no indication in the record that a hearing was held on the petition to modify sentence or that the trial court ruled on the petition.

motions, but was raised in a subsequently filed brief in support of post-trial motions. Normally, issues not raised in post-verdict motions are not preserved for appellate review. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979). However, rather than hold that the ineffectiveness issue is waived, we remand this case to the trial court in order that independent counsel can be appointed. Both at trial and on this appeal appellant has been represented by the public defender office of Chester County. "[W]hen an appellant so represented on appeal alleges ineffective assistance of trial counsel, the proper course, unless ineffective assistance clearly appears, is to remand for appointment of new counsel not associated with trial counsel. *See e.g., Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977)." *Commonwealth v. Cooke*, 288 Pa.Super. 205, 210, 431 A.2d 360, 363 (1981). When appellant is represented on appeal by counsel from the same office which represented him at trial, "it cannot 'be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled.' " *Commonwealth v. Patrick, supra* 477 Pa. at 287, 383 A.2d at 936.[6]

"The rule ... is that ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant. It follows then that when newly appointed post-trial counsel fails to assign the ineffectiveness of trial counsel as a ground for post-trial relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate

---

**6.** Appellant's present counsel argues that a remand is unnecessary because the assertion of ineffective trial counsel was made by another assistant public defender who commenced representation of appellant after trial counsel had resigned from the public defender's office. A similar, if not stronger, argument was rejected by our Supreme Court in *Commonwealth v. Wright, supra,* where the attorney representing appellant on appeal had started working in the public defender office only after prior counsel had left the office.

review." *Commonwealth v. Hubbard,* 472 Pa. 259, 277 n. 6, 372 A.2d 687, 695 n. 6 (1977).

Although the ineffectiveness claim was not properly preserved for our review, we cannot reject the claim without allowing appellant the opportunity, if he desires [7], to select new counsel who is unassociated with the public defender office. If eligible, appellant may instead request the court to appoint new counsel for this purpose. *Commonwealth v. Roach,* 268 Pa.Super. 340, 408 A.2d 495 (1979). Furthermore, in the interest of judicial economy, we direct that after new counsel is obtained, the lower court shall conduct a hearing on all claims of trial counsel's ineffectiveness and render a decision thereon. Any party aggrieved by the lower court's order may then file a new appeal to this court challenging the lower court's determination. *See Commonwealth v. Jellots,* 277 Pa.Super. 358, 363, 419 A.2d 1184, 1187 (1980), *cf., Commonwealth v. Lennox,* 270 Pa.Super. 254, 411 A.2d 514 (1979); appeal after remand, 286 Pa.Super. 41, 428 A.2d 228 (1981).

■ One further issue must be dealt with. Appellant was sentenced to one year probation on the charge of simple assault, and was also sentenced to a term of imprisonment for aggravated assault. In imposing this sentence, the lower court failed to apply the doctrine of merger.

"Applying the doctrine of merger, we find that simple assault merges into both aggravated assault and recklessly endangering another person. Simple assault is defined as conduct by which one 'attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.' 18 Pa.C.S. § 2701(a)(1). The elements of this offense are necessarily included in the crime of aggravated assault, which is defined as conduct by which one 'attempts to cause serious bodily injury to another, or causes such

---

7. The appellant has the option to retain present counsel. Before doing so, however, he would have to be made aware of the dangers and possible disadvantages of proceeding with an attorney associated with counsel he asserts is ineffective. *Commonwealth v. Quarles,* 284 Pa.Super. 473 n. **, 426 A.2d 145, 146 n. ** (1981); *accord, Commonwealth v. Jackson,* 280 Pa.Super. 522, 421 A.2d 845 (1980).

injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life,' 18 Pa.C.S. § 2702(a)(1) ...." *Commonwealth v. Cavanaugh*, 278 Pa.Super. 542, 546, 420 A.2d 674, 676 (1980).

Despite the lower court's error in sentencing appellant for simple assault, we believe a remand for resentencing is not necessary. The court fined appellant and sentenced him to a term of imprisonment for aggravated assault. On all of the other charges, appellant was sentenced to concurrent one year periods of probation. Under these circumstances, it is clear that a remand for resentencing would not result in any change of sentence. *See Cavanaugh, supra.* Therefore, we vacate the judgment of sentence as to the lesser included offense of simple assault.

Insofar as appellant should be given the opportunity to select independent counsel, we remand for further proceedings consistent with this opinion. Judgment of sentence on the charge of simple assault is vacated. Jurisdiction is not retained.