462 A.2d 855

**COMMONWEALTH of Pennsylvania**

v.

**Rose Marie GAERTTNER, Appellant.**

Superior Court of Pennsylvania.

Argued May 20, 1982.

Filed July 8, 1983.

John Bozza, Erie, for appellant.

Paul J. Susko, Assistant District Attorney, Erie, for Com., appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

PER CURIAM:

Appellant was arrested and charged with tampering with witnesses and informants [1] and criminal conspiracy.[2] On September 12, 1980, following a jury trial in the Court of Common Pleas of Erie County, appellant was found guilty on both counts. Timely post-verdict motions were filed and denied. Appellant was thereafter sentenced to a period of not less than one (1) nor more than two (2) years. This sentence was to be concurrent with a sentence she received from a conviction by a jury on June 20, 1980, of two counts of hindering apprehension or prosecution.

From the judgment of sentence, appellant brings this appeal. Appellant raises three issues: 1) whether appellant's trial subjected her to double jeopardy based upon a previous trial and conviction on June 18–20, 1980; 2) whether the evidence was sufficient to support the verdict; and 3) whether the Commonwealth established a prima facie case against appellant at the preliminary hearing.

The facts are as follows:

On June 18–20, 1980, appellant was tried and convicted of two counts of hindering apprehension or prosecution.[3] Evidence at this trial demonstrated that appellant had removed from her residence approximately seventy-five (75) to one hundred (100) photographs of children in nude or sexually explicit poses. On February 15, 1980, she requested William Robson, Faith Robson, and Tina McCarter to accompany her to her house where she obtained the package of photographs. These photographs were to be used in the prosecution of her husband, Donald, for the alleged corruption of minors and sexual abuse of children. These charges had been brought against appellant's husband on January 28, 1980 and February 5, 1980.

1. 18 Pa.C.S.A. § 4907(a)(2).

2. 18 Pa.C.S.A. § 903.

3. 18 Pa.C.S.A. § 5105(a)(3).

Appellant then proceeded to the Robson's residence where the photographs were destroyed by burning and cutting into pieces. The witnesses at the Robson's home later identified two of the children, one age eleven (11) and another age thirteen (13), who appeared either nude or in sexually explicit poses in the photographs. Following the destruction of the photographs, appellant stated to one Cheryl Start, that "Donny (appellant's husband) said she had to get rid of the pictures, and she (appellant) didn't want the police or Children's Services to find them." Also, when Ada Robson, another witness, advised appellant that she was calling the police, appellant specifically directed her not to do so.

Regarding appellant's conviction on September 12, 1980, which is the subject of this appeal, the Commonwealth's evidence dealt again with the securing of the photographs at appellant's residence on February 15, 1980, and their subsequent destruction at the Robson's residence. In fact, all six (6) witnesses who either testified or whose testimony was stipulated to, also testified at appellant's June trial.

Appellant first contends that her September 11–12, 1980 trial subjected her to double jeopardy. We will first consider whether appellant has waived this issue. Appellee and the lower court postulate that appellant waived her double jeopardy appeal by not raising this issue until the filing of her amended post-trial motions. However, the record leads to a different conclusion.

■ At side bar, immediately following the start of trial, appellant's counsel stated:

"At this time the defense would like to place on the record its concern that the charge of tampering with witnesses or informants, as outlined in information number five-eighty nine, involves the same facts and the same evidence that were introduced in a previous trial of the defendant in June of 1980 on charges of hindering apprehension or prosecution. Because the information does not indicate time, date or place with any specificity, and does not indicate witnesses who were tampered with, it is

not possible for the defense to determine at this time whether in fact trying the defendant at this time on these charges would constitute double jeopardy and be in violation of the federal constitution, the constitution of the Commonwealth, and the case law that states, particularly *Commonwealth v. Campana.* So, at this time the defense reserves the right to raise the double jeopardy question at the close of the Commonwealth's case as well as at the close of the trial."

It is to be noted that appellant's counsel did in fact raise the defense of double jeopardy at the conclusion of the Commonwealth's case and likewise at the time of the court's charge to the jury. Thus, this is not an instance such as in *Commonwealth v. Splain,* 242 Pa.Super. 503, 364 A.2d 384 (1976), where the defendant waited until the Commonwealth presented its case before raising the double jeopardy issue. The lower court relied upon *Commonwealth v. Carrillo,* 483 Pa. 215, 395 A.2d 570 (1978), in support of its position that appellant waived the former jeopardy issue. However, in *Carrillo, supra,* the court held that appellant had waived certain supplemental post-trial motions because instead of submitting them in motion form, he had submitted them in brief form. Our factual situation is different in that not only did appellant submit her amended post-trial motions in motion form but she also accompanied these motions with a brief. Therefore, we conclude that appellant did not waive the double jeopardy issue.

█ Regarding the merits of such an issue, our Supreme Court, speaking through (now Chief) Justice Roberts, has stated:

"[A] defendant shall not be subject to *separate* trials for multiple offenses *based on the same conduct or arising from the same criminal episode, if such offenses are known* to the appropriate prosecuting officer at the time of the commencement of the first trial." (emphasis in original).

*Commonwealth v. Campana,* 452 Pa. 233, 247–48, 304 A.2d 432, 438 (1973), *vacated and remanded,* 414 U.S. 808, 94

S.Ct. 73, 38 L.Ed.2d 44 (1973). *See also Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). Our Supreme Court went on to observe:

> The commentary to § 1.08 of the Model Penal Code, which bars a second prosecution "based upon the same facts" as that of the first, states that the purpose of the section is to protect defendants from:

> > "successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a 'hold' upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials."

> The ABA Project on Minimum Standards of Criminal Justice, Standards Relating to Joinder and Severance § 1.3 (Approved Draft, 1968), with specific reference to the Model Penal Code, accords a defendant the right to request joinder of **all** charges if they are "based on the same conduct or arise from the same criminal episode." "Episode" is defined as " 'an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series.' " ABA Standards Relating to Joinder and Severance § 1.3(a) (commentary). As the commentary to the ABA Standards Relating to Joinder and Severance § 1.3(a) states:

> > "It is the view of the Advisory Committee that, except where the ends of justice would otherwise be defeated, the **defendant should not be subjected to multiple trials** of related offenses...." (Emphasis supplied).

*Id.,* 452 Pa. at 248, 304 A.2d at 439. See also *Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983). The factual bases of appellant's June 18–20, 1980 trial, and the one that is the subject of this appeal, are clearly the same. Both trials centered upon the destruction of sexually-explicit and nude photographs of two children at the home of Ada

Robson on the evening of February 15, 1980. Not only are the offenses for which she was tried founded upon the same facts, but they are similar in character. The charge of tampering with witnesses and informants is as follows: "A person commits an offense if believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a witness or informant to withhold any testimony, information, document or thing except on advice of counsel," 18 Pa.C.S.A. § 4907(a)(2); hindering apprehension or prosecution is defined: "A person commits an offense if with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime, he conceals or destroys evidence of the crime, or tampers with a witness, informant, document or other source of information, regardless of its admissibility in evidence." 18 Pa.C.S.A. § 5105(a)(3). Therefore, it is clear that the September 12, 1980 trial constituted double jeopardy. *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983).

Appellee argues that the scheduling of the criminal terms in Erie County prohibited the Commonwealth from trying appellant in one proceeding. However, this argument is specious. As the Supreme Court observed in *Commonwealth v. Stewart,* 493 Pa. 24, 425 A.2d 346 (1981), the Commonwealth could have requested an extension of time to commence both trials on the grounds that it wished to comply with its obligation to consolidate them. Thereupon, the court could have either granted separate trials under 18 Pa.C.S.A. § 110(1)(ii) or permitted the extension. In the event appellant had opposed consolidation, she would then have waived her rights to a single trial. *Commonwealth v. Saunders,* 483 Pa. 26, 394 A.2d 522 (1978). In that the Commonwealth failed to follow these avenues, its argument is meritless. *Commonwealth v. Stewart, supra.*

Judgment of sentence reversed.[4]

---

**4.** In light of our disposition, we need not address appellant's other two issues raised on this appeal.