J-S52027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ISRAEL POLANCO-CANO | |
| Appellant | No. 463 MDA 2017 |

Appeal from the Judgment of Sentence February 6, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005802-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 22, 2017**

Israel Polanco-Cano appeals from his judgment of sentence,[1] entered in the Court of Common Pleas of Lancaster County, following his convictions for aggravated assault[2] and attempted criminal homicide.[3]  Because Poanco-Cano's aggravated assault conviction should have merged, for sentencing purposes, with his attempted criminal homicide conviction, we vacate in part and affirm in part.

_____

[1] Polanco-Cano was originally charged with possession of a firearm (18 Pa.C.S. § 907(b)) and possession of a controlled substance (35 P.S. § 780-113(a)(16)).  However, the Commonwealth nolle prossed these charges prior to trial.

[2] 18 Pa.C.S. § 2702(a)(1) (F1).

[3] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 2501(a).

On October 2, 2015, officers from the Lancaster City Bureau of Police were dispatched to a residence where a disturbance had been reported. When Officer Steven Alexander arrived on the scene, he located the victim who had multiple stab wounds to her head, ear, neck, forearms, chest and shoulders. Another officer on the scene located the suspect, later identified as Polanco-Cano, with blood-covered arms and lacerations to his right hand. The victim identified Polanco-Cano as her assailant, claiming that he had stabbed her with a knife almost 25 times when he refused to leave her friend's apartment at her request. The police searched Polanco-Cano and found seven small bags of heroin on his person. The victim underwent emergency surgery for the severe stab wounds to her body.

On November 2, 2016, Polanco-Cano was tried before a jury. The jury found him guilty of the above-stated offenses. On February 6, 2017, the trial court sentenced Polanco-Cano to 16 to 40 years' imprisonment for attempted homicide, and to a concurrent sentence of 6 to 12 years in prison for aggravated assault. Polanco-Cano filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents the following issue for our review: Did the trial court illegally impose sentences[4] for both criminal attempt to commit

---

[4] A claim that crimes should have merged for sentencing purposes challenges the legality of a sentence, which cannot be waived. **Commonwealth v. Duffy**, 832 A.2d 1132 (Pa. Super. 2003). When reviewing a claim challenging the legality of a sentence, this Court's
*(Footnote Continued Next Page)*

homicide and aggravated assault, where aggravated assault should have merged with attempted homicide?

Pursuant to the merger doctrine,

[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. The true test for determining whether particular crimes merge is not whether criminal acts are successive steps in a sequence of acts, but whether one crime necessarily involves the other. *Commonwealth v. Cavanaugh*, 420 A.2d 674, 676 (Pa. Super. 1980).

In *Commonwealth v. Anderson*, 650 A.2d 20 (Pa. 1994), the defendant shot the victim in the neck while she was preparing dinner. Defendant was convicted of aggravated assault, criminal attempt to murder, and possession of an instrument of crime. On appeal, our Court found that the crimes of aggravated assault and criminal attempt to murder did not merge because the former crime was not a lesser included offense of the latter, and because the two crimes required distinct mental states. On appeal, the Supreme Court reversed, finding that "in the case at bar, [the defendant] committed only one criminal act. He shot [the victim] and

_(Footnote Continued)_ ——————————

standard of review is de novo and our scope of review is plenary. *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

- 3 -

critically injured her by his commission of that single act." *Id.* at 23. The Court then compared the elements of the two offenses and concluded that the offense of aggravated assault is necessarily included within the offense of attempted murder; every element of the former is subsumed in the elements of the latter. *Id.* at 24. Likewise, the court found that the intent necessary to establish attempted murder is greater than and "necessarily includes the intentional, knowing, or reckless infliction of serious bodily injury, the intent required for aggravated assault." *Id.* Thus, the court found that the crimes merged for sentencing purposes.

After *Anderson*, our Court decided *Commonwealth v. Wesley*, 860 A.2d 564 (Pa. Super. 2004), which examined the merger issue in the context of whether two crimes arose from a single criminal act. In *Wesley*, the Court found that merger was not warranted where the defendant's actions constituted two separate criminal acts where the defendant first committed aggravated assault by shooting the victim in the back and, as the victim turned to pick up his son, moments later committed attempted murder when he fired the gun which blew off the victim's finger and then fired the gun five more times at the victim, hitting him in the stomach and leg. *Id.* at 593.

We find this case more analogous to the facts in *Anderson* than *Wesley*. Here, the victim testified that after she punched Polanco-Cano and asked him to leave her friend's apartment, he grabbed her by the hair, started shaking her, and then started stabbing her in the arm with a knife. N.T. Jury Trial, 11/2/2016, at 109. At the same time the stabbing began,

the victim fell to the floor where Polanco-Cano continued to stab her in the neck. *Id.* at 110. At that point, fearing for her life, the victim started fighting back. She grabbed a chair and hit him with it. *Id.* The victim fell to the floor again and the two continued to fight. *Id.* at 111. Eventually the victim hit Polanco-Cano with a little corner table and she was able to escape. *Id.* The victim testified that she believed Polanco-Cano stabbed her a total of 25 times. *Id.*

Here, the facts illustrate that the one criminal act, aggravated assault, necessarily included the other criminal act, attempted criminal homicide. *Wesley*, *supra*; *Cavanaugh*, *supra*. Polanco-Cano stabbed the victim twenty-five times during one criminal episode; the actions were predicated upon a single act, fifteen to twenty-five stabbings. *Cf. Commonwealth v. Belsar*, 676 A.2d 632 (Pa. 1996) (where defendant shot victim five times, paused to look for victim's car keys, then kicked victim, court found that these were two separate criminal acts justifying separate sentences). Moreover, both the aggravated assault conviction and the attempted criminal homicide conviction were based upon these multiple stabbings as charged in the criminal information.[5] *Commonwealth v. Jenkins*, 96 A.3d

---

[5] Under the description of the acts for each of the two offenses, the criminal complaint states that:

> [T]he [defendant] did stab the victim in the back of her head once, once in her left ear nearly severing it, once into the back of her neck, both of her forearms four times each, once deep

*(Footnote Continued Next Page)*

1055 (Pa. Super. 2014) (court must reference crime as charged by Commonwealth to determine whether defendant's actions constituted single criminal episode for purposes of merger).  Thus, we conclude that the crime of aggravated assault should have merged, for sentencing purposes, with the crime of attempted homicide.

Convictions affirmed.  Judgment of sentence for aggravated assault vacated.  Jurisdiction relinquished.[6]

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2017

*(Footnote Continued)* ————————

> into her chest, twice into her rear left shoulder and once into her rear right shoulder.

Police Criminal Complaint, 10/3/2015, at 3.

[6] We need not remand for resentencing because the trial court ordered Polanco-Cano's aggravated assault sentence to run concurrent to his sentence for attempted homicide; thus, there is no disruption of the sentencing scheme.  ***See Commonwealth v. Murphy***, 462 A.2d 853 (Pa. Super. 1983).