J-S02042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRADFORD GAMBLE | : | |
| | : | |
| Appellant | : | No. 1843 EDA 2018 |

Appeal from the PCRA Order Entered May 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0209741-1976

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED FEBRUARY 12, 2019**

Appellant, Bradford Gamble, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On July 22, 1976, a jury convicted Appellant of first-degree murder and various weapons offenses. The court sentenced Appellant on December 2, 1976, to life imprisonment for the murder conviction and imposed lesser terms of imprisonment for the weapons offenses. Our Supreme Court affirmed the judgment of sentence on July 6, 1979. *See Commonwealth v. Gamble*, 485 Pa. 418, 402 A.2d 1032 (1979).

On March 21, 2016, Appellant filed the current serial *pro se* PCRA petition. The court issued notice per Pa.R.Crim.P. 907, on November 17, 2017. Appellant did not respond. On May 21, 2018, the PCRA court dismissed

the petition as untimely. Appellant timely filed a *pro se* notice of appeal on June 14, 2018. No Pa.R.A.P. 1925(b) statement was ordered or filed.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on October 4, 1979, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 22 (effective July 1, 1970; allowing 90 days to file petition for writ of *certiorari* with U.S. Supreme Court). Appellant filed the current PCRA petition on March 21, 2016, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), claiming he is entitled to relief under **Miller v. Alabama**, 567

U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding sentence of mandatory life imprisonment without possibility of parole, for those under age of 18 at time of their crimes, violates Eighth Amendment's prohibition on cruel and unusual punishments) and **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding **Miller** applies retroactively to cases on state collateral review). Nevertheless, Appellant concedes he was 19 years old at the time of the offenses at issue. Thus, **Miller** and **Montgomery** do not apply. Furthermore, this Court has previously rejected the novel argument that relief under **Miller** and **Montgomery** should be extended to individuals under 25 years old because the brain is not developed fully until that age. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (holding appellant who was 19 years old at time of offenses was not entitled to relief under **Miller** and **Montgomery** on collateral review; rejecting "technical juvenile" argument). Therefore, the court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/19